PER CURIAM.
Upon the appellee’s confession of error, the order under review by this appeal is reversed and the cause is remanded to the trial court with directions to reinstate the information charging the appellee with leaving the scene of an accident involving personal injury [§ 316.027(2), Fla.Stat. (1979)]. The law is clear that such an offense is a felony, and that the circuit court below, not the county court, has ex- *638 elusive jurisdiction to try a criminal prosecution for said felony. Sclafani v. County of Dade, 323 So.2d 675 (Fla.3d DCA 1975); Art. V, § 5, Fla.Const.; § 26.012(2)(d), Fla. Stat. (1979); see also Watkins v. Morris, 179 So.2d 348 (Fla.1965). This reversal, however, in no way precludes the chief judge of the circuit court, should he so choose, to assign temporarily an otherwise qualified county court judge to sit as a circuit court judge for the purpose of trying this case upon remand. See e.g., State ex rel. Treadwell v. Hall, 274 So.2d 537 (Fla.1973); Rodgers v. State, 325 So.2d 48 (Fla.2d DCA 1975), cert. dismissed, 342 So.2d 1103 (Fla. 1977).
Reversed and remanded.