419 So.2d 1067 (1982)
Jeffrey Joseph DAUGHERTY, Petitioner,
v.
STATE of Florida, Respondent.
No. 60709.
Supreme Court of Florida.
September 14, 1982.
*1068 Arthur J. Kutsche, of the Law Offices of A.J. "Sonny" Kutsche, Titusville, for petitioner.
Jim Smith, Atty. Gen., and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for respondent.
PER CURIAM.
Jeffrey Joseph Daugherty appeals his conviction and sentence of death for the first-degree murder of Lavonne Patricia Sailer. We affirm.
Daugherty, along with his girl friend Bonnie Heath and his uncle, left Michigan in January 1976 and traveled to Florida purportedly to look for jobs and to visit Heath's children. On February 23, 1976, he robbed an Easy Way food store and shot and killed Carmen Abrams and seriously wounded her husband. Continuing on a killing and robbing spree, on March 1, 1976, Daugherty and Heath picked up Lavonne Sailer who was hitchhiking in Melbourne, Florida. They took her to an isolated area near the Brevard County dump where Daugherty told her to get out of the car and robbed her. He then shot her five times at close range with a .22 caliber pistol. They then returned to the nearby bar to pick up Daugherty's uncle. Thereafter for a twenty-day period, Daugherty, along with Heath, continued on a course of robberies and murders, several of which he was convicted and for which he was sentenced prior to being convicted and sentenced for the Sailer murder.
Daugherty pled guilty to the first-degree murder, robbery, and kidnapping of Sailer. A jury was then impaneled for the sentencing phase. The jury recommended a sentence of death, and the judge imposed the death sentence for the first-degree murder and life sentences for the robbery and kidnapping. The trial court found as an aggravating factor that Daugherty was previously convicted of another capital felony or a felony involving the use or threat of violence to the person. It enumerated the previous convictions as follows:
(1) The defendant was convicted and sentenced on July 31, 1980, for First Degree Murder in Flagler County, Fl. where he shot and killed a white female in her sixties by shooting her in her left shoulder and right temple during the course of robbing the victim.
(2) The defendant was sentenced on July 14, 1980, for the Murder of a white female by the name of Campbell whom he stabbed after he had robbed her place of business in Volusia County, Fl.
(3) The defendant was convicted and sentenced on September 29, 1978, for Criminal Homicide, Criminal Conspiracy, Robbery and crimes committed with firearms. The defendant robbed a gas station and in the process shot the young attendant twice in the side, once in the bridge of the nose and once under the chin.
(4) The defendant was convicted and sentenced on January 4, 1980, for Robbery, Aggravated Assault, Simple Assault and crimes committed with firearms. In Altoona, Pa. the defendant robbed a woman clerk at Rich's Music Store with a firearm and in the process assaulted the woman a number of times until she lost consciousness.

*1069 (5) The defendant was convicted and sentenced on September 29, 1978, in the State of Pennsylvania for the crimes of Simple Assault, Aggravated Assault, Burglary, Robbery and crimes committed with firearms.
(6) The defendant was convicted and sentenced on July 12, 1976, in the State of Virginia for Armed Robbery and using a firearm while committing a felony.
(7) The defendant was convicted and sentenced on January 4, 1980, for Criminal Conspiracy, Robbery and Criminal Homicide. The defendant robbed one Betty Shank at a Jack's Kwik-Mart in Blair County, Pa. and in the process killed the clerk by shooting her in the body and head.
The trial court also found as an aggravating circumstance that the murder was committed for pecuniary gain. Weighing the aggravating and mitigating circumstances, it concluded the death sentence is justified because there are sufficient aggravating circumstances and insufficient mitigating circumstances.
Daugherty does not challenge his plea of guilty to the charges against him. The transcript of the plea proceeding evidences the voluntariness of his plea. In response to the trial court's inquiry, Daugherty stated that he was neither coerced nor compelled to plead guilty nor promised any leniency, gain, advantage, probation, or any other benefit to persuade him to plead guilty; that he fully understood the charges against him to which he pled guilty and the possibility of the imposition of the death penalty; and that he was also fully advised of all the rights he waived by pleading guilty. When asked during oral argument by this Court whether there was any question as to the voluntariness of Daugherty's pleas, Daugherty's counsel answered in the negative.
Daugherty does challenge his death sentence. He contends that the court erred in allowing the State to present evidence of prior convictions as an aggravating circumstance where the offenses occurred subsequent to the capital felony for which he is now being sentenced and that the trial court erred in considering these prior convictions as an aggravating circumstance. He concedes, however, that we have resolved this argument against him in several recent decisions.
The State responds that not only have our decisions foreclosed this argument, but also Daugherty does not have standing to raise this point since one of the murders for which Daugherty was convicted was committed prior to the murder of Lavonne Sailer.
In Elledge v. State, 346 So.2d 998 (Fla. 1977), we rejected this same argument and held that it is clear from a reading of section 921.141(5)(b), Florida Statutes (1975), that the legislature referred to "previous convictions" and not to "previous crimes." Prior conviction, we emphasized, is the important element of this aggravating circumstance. See also Lucas v. State, 376 So.2d 1149 (Fla. 1979). We likewise held in King v. State, 390 So.2d 315, 320 (Fla. 1980), cert. denied, 450 U.S. 989, 101 S.Ct. 1529, 67 L.Ed.2d 825 (1981), that "[t]he legislative intent is clear that any violent crime for which there was a conviction at the time of sentencing should be considered as an aggravating circumstance." See also Ruffin v. State, 397 So.2d 277 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 368, 70 L.Ed.2d 194 (1981).
We hold that the trial court did not err in permitting the State to introduce these prior convictions and did not err in finding the aggravating circumstance that Daugherty was previously convicted of another capital felony or a felony involving the use or threat of violence to the person.
Daugherty also argues that the court erred in not considering certain mitigating factors. He initially contends that the trial court erred in rejecting the statutory mitigating factor of no significant history of prior criminal activity. He asserts that the court erroneously premised its conclusion that this mitigating factor did not exist on the basis that Daugherty had been previously *1070 convicted of four murders. The court also noted that he had been convicted of three other robberies and two aggravated assaults. These crimes, states Daugherty, were committed after the Sailer murder. The State points out that one of these convictions was for a murder committed prior to the Sailer murder.
This prior conviction of the earlier committed capital felony is alone sufficient to negate the mitigating factor of no significant history of prior criminal activity. Moreover, in Ruffin v. State, we held that all of these prior convictions could be properly considered as a basis for rejecting this mitigating factor. In Ruffin, we said that "prior" means prior to sentencing of a defendant and does not mean prior to the commission of the murder for which he is being sentenced. We explained:
The interpretation of "prior" advanced by Ruffin is unreasonable particularly in view of the fact that a defendant may have committed a murder for which he is not apprehended until many years later and during the course of these years he may have a long history of significant criminal activity. Ruffin's position would prevent the court from negating this mitigating circumstance by considering the defendant's criminal activity occurring after the commission of the murder. This interpretation would thwart the legislature's intent when it established this mitigating circumstance.
397 So.2d at 283. Thus, we hold that the trial court properly rejected this mitigating factor. We further find no error in the court's rejecting the other statutory mitigating factors. Specifically as to other statutory mitigating factors, the trial court properly found:
... .
(b) Whether the murder was committed while the defendant was under the influence of extreme mental or emotional disturbance.
FINDING:
The Court finds the defendant was not under the influence of extreme mental or emotional disturbance. The defendant, Daugherty, at his trial claimed he did suffer from headaches but at the time he killed the victim in this case he was not suffering from any headaches so the court did not consider this a mitigating circumstance.
(c) Whether the victims were participants in the defendant's conduct or consented to the acts.
FINDING:
The victim did not participate in the conduct or consent to the acts.
(d) Whether the defendant was an accomplice in the murder committed by another person, and the defendant's participation was relatively minor.
FINDING:
The defendant was the main participant in the murder and was the one who actually fired the shots into the victim.
(e) Whether the defendant acted under extreme duress or under the substantial domination of another person.
FINDING:
The defendant claimed that he was influenced by his traveling companion, Bonnie Heath. The Court determines that while Bonnie Heath was a participant in many of the crimes she was a small woman in comparison to the defendant and the defendant was not under the extreme duress or domination of Bonnie Heath.
(f) Whether the capacity of the defendant to appreciate the criminality of the defendant's conduct or to conform the defendant's conduct to the requirements of the law was substantially impaired.
FINDING:
The defendant had the capacity to appreciate the criminality of his conduct and to conform his conduct to the requirements of the law.
The evidence introduced at the sentencing hearing does not support a finding of any of these factors. Furthermore, the court did not err in rejecting the mitigating factor of age under the particular circumstances of *1071 this case. At the time of this murder, Daugherty was 20 years old. As we said in Peek v. State, 395 So.2d 492, 498 (Fla.), cert. denied, 451 U.S. 964, 101 S.Ct. 2036, 68 L.Ed.2d 342 (1981), "There is no per se rule which pinpoints a particular age as an automatic factor in mitigation. The propriety of a finding with respect to this circumstance depends upon the evidence adduced at trial and at the sentencing hearing." We concluded in Peek that the trial court's rejection of age of 20 as a mitigating factor was supported by the record.
Daugherty finally contends that the court erred in failing to find certain non-statutory mitigating factors, i.e., his alleged remorse, his suicide attempt, his conversion to Christianity, his unstable family life, and the fact that at the time of sentencing, because of previous convictions, he would not be eligible for parole for 107 1/2 years. Daugherty does not argue that the court failed to consider these circumstances or that it prevented him from introducing any relevant evidence of mitigation, nor would such an assertion be supported by the record. The court expressly stated that it considered and weighed all the testimony and evidence.
We find no merit to this contention. The trial court considered all the evidence and decided that the death sentence was warranted since there were sufficient aggravating circumstances and insufficient mitigating circumstances. His conclusions are supported by the record. As we have previously stated, it is within the province of the trial court to decide whether a particular mitigating circumstance in sentencing has been proven and the weight to be given it. Riley v. State, 413 So.2d 1173 (Fla. 1982); Smith v. State, 407 So.2d 894 (Fla. 1981); Lucas v. State, 376 So.2d 1149 (Fla. 1979).
Accordingly, finding no error, we affirm.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG, McDONALD and EHRLICH, JJ., concur.