446 So.2d 1031 (1984)
Jerry WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. 62144.
Supreme Court of Florida.
January 19, 1984.
Rehearing Denied April 11, 1984.
*1033 Charles A. Tabscott, Orlando, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
This cause is before us on direct appeal from convictions of first-degree murder and armed robbery, and from a sentence of death imposed in accordance with the jury's recommendation. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Around 11:00 on the morning of March 8, 1981, appellant was seen in a small grocery *1034 store in Taft, Florida, by a customer, Judith Rayburn. Mrs. Rayburn bought a few items from the proprietor of the store, Alexander H. Alexander, and observed that there was money in the cash register and another customer in the store, James Melson. Shortly after Mrs. Rayburn left the store she heard three shots which were also heard by Frankie Allen Walker and Johnny Glenn Walker, brothers who were in a garage behind the store.
Mr. Henry Tehani and his daughter came into the store shortly after 11:15 a.m. They saw no one besides appellant, who ordered them at gunpoint to get into a freezer. When they refused to comply, appellant pulled the trigger twice. The gun misfired, and the Tehanis fled. Mr. Tehani saw appellant run out the back, and reported the incident to a deputy sheriff. The Walker brothers also saw appellant running away from the store. Frankie Walker looked in the back door of the store and saw Alexander lying on the floor. Frankie told his brother to get an ambulance, and he pursued appellant, who escaped in a car. The deputy sheriff who subsequently arrived at the scene found only some change and food stamps in the cash register, but no currency. Melson was dead with a bullet wound in the back of his head. Alexander had bullet wounds in the back of his head and in his arm and was paralyzed from the neck down.
Appellant testified that he went into the grocery store to buy a beer and change several hundred-dollar bills. He became angry when Alexander shortchanged him, and he displayed a gun which, according to appellant, Melson grabbed. They scuffled with the gun and it fired, wounding appellant in the lower body. Appellant asserts that Alexander then took the gun and, in attempting to shoot appellant, accidentally shot Melson. Appellant claims that Alexander then said he was going to kill him and that he took the gun in self defense. According to appellant the gun went off twice, causing Alexander's wounds. Appellant claims that he then collected his change for the hundred-dollar bills and was about to leave through the front door when the Tehanis entered. When they left, appellant departed through the back door, escaped by car, and disposed of the gun. Shortly thereafter the car malfunctioned and was abandoned. Appellant removed some clothing from a traveling case and walked down a dirt side road. After changing and throwing the bloody clothing into the bushes, appellant, weakened from loss of blood, lay down. He was found by the sheriff's department with a large amount of cash nearby on the ground.
An indictment was filed on April 7, 1981, charging appellant with the first-degree murder of James Melson and armed robbery. He was found guilty as charged and the jury recommended death. After finding four aggravating and no mitigating factors, the judge sentenced appellant to death for murder and life imprisonment for robbery.

TRIAL PHASE
Appellant first contends that there is no authority under which a county court judge can be assigned to preside over a circuit court criminal trial. This issue was waived by failure to object below. Moreover, appellant's position is erroneous on the merits. A county judge who is qualified to serve as a circuit judge may be assigned as a temporary circuit judge to perform any judicial service a circuit judge can perform. See, e.g., State ex rel. Treadwell v. Hall, 274 So.2d 537 (Fla. 1973); State v. Herrera, 407 So.2d 637 (Fla. 3d DCA 1981); Rodgers v. State, 325 So.2d 48 (Fla. 2d DCA 1975), cert. dismissed, 342 So.2d 1103 (Fla. 1977).
Appellant argues for the first time that the trial court erred in allowing the jury to hear details of Alexander's injuries. The state concedes that this information was irrelevant. However, we do not find this error to be of the magnitude that would have prevented the jury from reaching a fair and impartial verdict so as to render the error fundamental. In the absence of fundamental error, we will not consider an issue raised for the first time *1035 on appeal. Steinhorst v. State, 412 So.2d 332 (Fla. 1982).
Appellant contends that there was insufficient evidence to support the convictions of first-degree murder and armed robbery, and that his story offered a reasonable hypothesis of innocence. We find that the evidence in the record supports the jury's finding. A judgment rendered in accordance with a jury verdict supported by substantial, competent evidence will not be reversed by this Court. Rose v. State, 425 So.2d 521 (Fla. 1982), cert. denied, ___ U.S. ___, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983).
Appellant next argues that the court erred in failing to grant his motion to suppress a statement made while he was hospitalized for bullet wounds. The first night he was hospitalized, in response to a detective's question, "Do you know why we're here?" appellant made a statement inconsistent with his later testimony at trial. The state introduced evidence of the previous statement on cross-examination to impeach appellant's trial testimony. We find no error. A prior inconsistent statement may be admitted to impeach a defendant who testifies at his trial. Harris v. New York, 401 U.S. 222, 225, 91 S.Ct. 643, 645, 28 L.Ed.2d 1 (1971). Before admitting the statement, the court must determine that it was made voluntarily. Nowlin v. State, 346 So.2d 1020 (Fla. 1977). Upon appellant's objection, the court excused the jury and held a hearing on the motion. The issue before the court was whether the statement was voluntary. Although the court in ruling on the motion did not again use the specific word "voluntary," the evidence supports a finding that the defendant was alert at the time and that the statement was voluntarily given. See Antone v. State, 382 So.2d 1205, 1212-13 (Fla.), cert. denied, 449 U.S. 913, 101 S.Ct. 287, 66 L.Ed.2d 141 (1980).
Appellant argues that the court erred in failing to instruct the jury on the lesser-included offenses of attempted first-degree murder and third-degree murder, robbery with a weapon, and strong-arm robbery. Appellant did not request such instructions or object to their omission. We find there was no fundamental error.
Appellant also argues that the court erred in refusing to instruct the jury on circumstantial evidence. This omission was not error, since the jury was given an instruction on reasonable doubt. In re Florida Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla. 1981).
Appellant contends it was error to exclude potential jurors because they expressed objections to the death penalty. He did not preserve this point by objecting below. Moreover, the argument is meritless. The excused jurors stated that they could not vote for the death penalty. Two of them indicated their opposition to the death sentence might influence their choice of verdict. Prospective jurors may be excused for cause if their opposition to the death penalty might interfere with their ability to decide guilt or innocence or would render them unable to consider the death penalty if a finding of guilt were reached. Steinhorst v. State, 412 So.2d at 335. Appellant also protests that to which he specifically agreed at trial: allowing the prosecutor to withdraw a challenge to a prospective juror, put her on the panel, and remove another juror from the panel to serve as an alternate. This irregular procedure does not constitute fundamental error, especially when, as in this instance, it is agreed to by the defendant.
Appellant complains of several prosecutorial comments to which he did not object below. A contemporaneous objection is required to preserve the issue for appellate review and none was made. Maggard v. State, 399 So.2d 973, 975 (Fla.), cert. denied, 454 U.S. 1059, 102 S.Ct. 610, 70 L.Ed.2d 598 (1981). Here again, we find no error.
Appellant contends that the trial court should have dismissed the indictment which added the charge of first-degree murder without amending the information. *1036 Having failed to object at trial, appellant cannot now have this issue reviewed.
Appellant finally complains that many of the exhibits introduced into evidence were duplicitous and irrelevant. He does not specify which or how many exhibits belong in this category, and he did not object at trial. The record affords no basis for reversal.
Finding no reversible error in the guilt phase of the trial, we affirm appellant's convictions of first-degree murder and armed robbery.

SENTENCING PHASE
Appellant raises nine issues, four of which were not preserved for appeal by contemporaneous objections. The prosecutor used a chart on which he checked off aggravating and mitigating factors. With the agreement of defense counsel, this chart was allowed to go into the jury room. Appellant's argument that such a chart was an improper item for submission to the jury during its deliberation under Florida Rule of Criminal Procedure 3.400 is correct. However, appellant cannot at trial create the very situation of which he now complains and expect this Court to remand for resentencing on that basis. McCrae v. State, 395 So.2d 1145, 1152 (Fla. 1980), cert. denied, 454 U.S. 1037, 102 S.Ct. 583, 70 L.Ed.2d 486 (1981). The other three issues not preserved are: whether the court gave improper jury instructions, whether the court allowed the improper admission of exhibits, and whether the prosecutor made improper comments. Absent fundamental error, an appellate court will not consider these kinds of issues for the first time on appeal. See, Steinhorst v. State; Smith v. State, 407 So.2d 894 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2260, 72 L.Ed.2d 864 (1982); Ross v. State, 386 So.2d 1191, 1195 (Fla. 1980). We find no fundamental error.
Appellant argues that the death penalty is unconstitutional. This point has been decided adversely to him. Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976); Spinkellink v. Wainwright, 578 F.2d 582 (5th Cir.1978), cert. denied, 440 U.S. 976, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979).
Appellant contends that the trial court found nonstatutory aggravating factors. We do not agree. In his Findings of Fact and Sentencing Order the judge first listed the statutory aggravating factors not found. He then listed the factors he did find. After addressing the aggravating factors, he considered the statutory mitigating factors; finding none, he stated:
The advisory jury is entitled to consider any other mitigating circumstance found in the evidence or the defendant's character. The court has also searched the record and found that none exist. The Defendant is single with no children to support. He has a limited employment background and, in fact, admitted to the sale or delivery of controlled substances shortly before the murder. He has shown no remorse for his actions.
We find that in context these statements were considered not as aggravating factors, but rather as observations in connection with a search of the record for possible nonstatutory mitigating factors.
Appellant also contends that the court either ignored or forgot certain mitigating factors: intoxication at the time, a deprived upbringing without a father, and a heart condition which required medication. The record reflects that the court expressly considered the evidence that appellant had been drinking alcoholic beverages before the crime. Furthermore, the court expressly stated that it "carefully considered the evidence presented at both phases of the trial ... weighed and applied the total evidence to the legislatively mandated criteria of aggravating and mitigating circumstances," and that it searched the record and found no other mitigating circumstance to exist. It is within the trial court's discretion to determine whether sufficient evidence exists of a particular mitigating circumstance and, if so, the weight to be given it. Daugherty v. State, 419 So.2d 1067, 1071 (Fla. 1982), cert. denied, *1037 ___ U.S. ___, 103 S.Ct. 1236, 75 L.Ed.2d 469 (1983).
Appellant correctly asserts that the trial court erroneously doubled two aggravating factors by finding that appellant committed the murder both while in the commission of a robbery and for pecuniary gain. Francois v. State, 407 So.2d 885, 891 (Fla. 1981), cert. denied, 458 U.S. 1122, 102 S.Ct. 3511, 73 L.Ed.2d 1384 (1982). The finding embraces but one aggravating factor.
The trial court also found that the killing was cold, calculated, and premeditated. We do not find evidence in the record before us to support a finding beyond a reasonable doubt that there was the kind of heightened premeditation and cold calculation that would permit this factor to be part of the weighing process. Cf. Cannady v. State, 427 So.2d 723 (Fla. 1983) (defendant stole money from Ramada Inn, kidnapped a night auditor, drove him to a wooded area and shot him; defendant said he had not meant to shoot the victim  factor not found); Middleton v. State, 426 So.2d 548 (Fla. 1982) (defendant confessed that he sat with a shotgun in his hands for an hour looking at the victim as she slept and thinking about killing her  factor found); Bolender v. State, 422 So.2d 833 (Fla. 1982), cert. denied, ___ U.S. ___, 103 S.Ct. 2111, 77 L.Ed.2d 315 (1983) (defendant held the victims at gunpoint and ordered them to strip, then beat and tortured them during the evening before killing them  factor found); Mann v. State, 420 So.2d 578 (Fla. 1982) (ten-year-old girl abducted and suffered several cuts and stab wounds and a fractured skull  factor not found); Jent v. State, 408 So.2d 1024 (Fla. 1981), cert. denied, 457 U.S. 1111, 102 S.Ct. 2916, 73 L.Ed.2d 1322 (1982) (defendant beat woman, transported her in a car trunk to a house where four men raped her, put her back in the trunk and took her to a game preserve where the defendant and another poured gasoline on her and set her on fire while alive  factor blended into one with the heinous, atrocious, and cruel factor); Combs v. State, 403 So.2d 418 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2258, 72 L.Ed.2d 862 (1982) (defendant first sold cocaine to the victims, then, saying he was leading them to a party, led them instead to a wooded area and held a gun on them, demanded the cocaine, and then shot them  factor found).
The court found another aggravating circumstance which appellant does not contest: that the defendant was previously convicted of a felony involving the use or threat of violence to the person. The record supports this finding as well as the finding that the defendant was engaged in the commission of a robbery when he murdered Melson. When there are one or more valid aggravating factors which support a death sentence, in the absence of any mitigating factor(s) which might override the aggravating factors, death is presumed to be the appropriate penalty. White v. State, 403 So.2d 331 (Fla. 1981), cert. denied, ___ U.S. ___, 103 S.Ct. 3571, 77 L.Ed.2d 1412 (1983); State v. Dixon, 283 So.2d 1 (Fla. 1973), cert. denied, 416 U.S. 943, 94 S.Ct. 1950, 40 L.Ed.2d 295 (1974).
Finally, appellant argues that he should not have been sentenced for the robbery count. This argument presupposes that the sole basis for his conviction was felony murder. However, sufficient evidence existed to support a jury finding of premeditation, so that the separate sentence for robbery was not error. McCampbell v. State, 421 So.2d 1072 (Fla. 1982); Buford v. State, 403 So.2d 943 (Fla. 1981), cert. denied, 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982).
Appellant having failed to demonstrate, and our careful search of the record having failed to reveal, reversible error, we affirm appellant's sentence of death.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.