MILLS, Judge.
Robinson appeals from a conviction for second degree murder, contending the trial court erred when it failed to inquire as to the reasons for the prosecutor’s exercise of his peremptory challenges and the trial court improperly restricted his cross-examination of a state witness. We disagree and affirm.
According to State v. Neil, 457 So.2d 481 (Fla.1984), before a party accused of discriminatory use of peremptory challenges may be required to demonstrate that the questioned challenges were not exercised solely because of race, the offended party must: (1) make a timely objection; (2) demonstrate on the record that the challenged persons are members of a distinct racial group; and (3) demonstrate a strong likelihood that the prospective jurors were challenged solely on the basis of their race. Accord, Parker v. State, 476 So.2d 184 (Fla.1985).
In this court’s opinion, the threshold requirement of an objection to the use of peremptory challenges was not satisfied in the case at bar. Counsel for Robinson repeatedly said he was merely making “a little statement for the record,” and refused the opportunity for an inquiry of the prosecution when it was offered by the trial court. Moreover, no showing was made by the appellant of a strong likelihood that black prospective jurors were being excluded solely on the basis of their race. To the contrary, counsel for Robinson stated on the record he would have personally excused two of the jurors in question. The standard set out in State v. Neil having not been met, we find no error in the trial court’s failure to inquire of the prosecutor his motives in excluding prospective black jurors.
As concerns the second issue urged on appeal, at no time did counsel for Robinson assert to the trial court the specific argument made herein, namely: that state witness Hogan identified Robinson as the murderer in order to shift suspicion from her drug dealers. Steinhorst v. State, 412 So.2d 332 (Fla.1982) (in order for argument to be cognizable on appeal, it must be specific contention asserted as legal ground for objection, exception or motion below); Robinson v. State, 487 So.2d 1040 (Fla.1986). Robinson’s objection to the court’s limitation of his cross-examination of Ms. Hogan should have been made with more specificity so that the trial judge could have appreciated the extent of the problem being presented. Hamilton v. State, 458 So.2d 863 (Fla. 4th DCA 1984).
*628 Additionally, the action of the trial court does not amount to “fundamental error” so as to warrant consideration on appeal despite the failure to preserve the issue below. See, Dickey v. State, 458 So.2d 1156 (Fla. 1st DCA 1984). In White v. State, 446 So.2d 1031 (Fla.1984), the Florida Supreme Court stated that to be fundamental, an error must “be of the magnitude that would have prevented the jury from reaching a fair and impartial verdict.” 446 So.2d at 1034. Here, aside from Ms. Hogan’s eyewitness identification testimony, the case against Robinson was very strong, consisting of both oral and written admissions of guilt made to police officers and his brother. Therefore, even if the trial court’s limiting of the cross-examination of Ms. Hogan could be viewed as error, such error would not have prevented the jury from reaching a fair and impartial verdict. See, Holland v. State, 432 So.2d 60 (Fla. 1st DCA 1983).
Affirmed.
BOOTH, C.J., and WENTWORTH, J., concur.