505 So.2d 1323 (1987)
Jeffrey Joseph DAUGHERTY, Appellant,
v.
STATE of Florida, Appellee.
No. 67450.
Supreme Court of Florida.
April 9, 1987.
Rehearing Denied May 22, 1987.
*1324 Thomas R. Trowbridge III, and Daniel J. Thomasch, of Donovan, Leisure, Newton & Irvine, New York City, and John P. Dean, of Donovan, Leisure, Newton & Irvine, Washington, D.C., for appellant.
Robert A. Butterworth, Atty. Gen., and Joseph N. D'Achille, Jr., Asst. Atty. Gen., Daytona Beach, for appellee.
BARKETT, Justice.
This is an appeal from a trial court order denying appellant's motion for post-conviction relief. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We affirm.
Daugherty was convicted (based upon a guilty plea) of first-degree murder, robbery, and kidnapping, and sentenced to death. This Court previously affirmed the conviction and sentence in Daugherty v. State, 419 So.2d 1067 (Fla. 1982), cert. denied, 459 U.S. 1228, 103 S.Ct. 1236, 75 L.Ed.2d 469 (1983).
Appellant raises four claims in his 3.850 motion: 1) trial counsel was ineffective at the sentencing hearing because he failed to present expert testimony regarding statutory mitigating circumstances and failed to object to the jury instruction given on the "heinous, atrocious and cruel" aggravating circumstance; 2) the state's decision to seek the death penalty in this case was an arbitrary exercise of prosecutorial discretion; 3) the sentencing court failed to consider nonstatutory mitigating factors established by the evidence; and 4) the trial court failed to find the mitigating factors of substantial domination and age.
Although the trial court granted an evidentiary hearing on all of these claims, points 2, 3, and 4 either were or should have been raised on direct appeal and are not cognizable in a 3.850 proceeding. See Raulerson v. State, 462 So.2d 1085 (Fla. 1985); Thompson v. State, 410 So.2d 500 (Fla. 1982). Appellant's only cognizable basis for relief under Rule 3.850, therefore, is his ineffective assistance of counsel claim. The trial court properly granted an evidentiary hearing to determine the factual issues underlying this claim.
At the hearing, two witnesses testified on appellant's behalf. Larry G. Turner, a criminal defense attorney, testified that a reasonably competent attorney would have arranged for a psychiatric or psychological evaluation to obtain possible mitigating evidence, and would have objected to the standard jury instruction defining the "heinous, atrocious or cruel" aggravating circumstance.[*] Dr. Robert Weitz, a psychologist *1325 who had examined Daugherty several months prior to the hearing, testified to the influence of Bonnie Heath (Daugherty's lover and traveling companion) in the commission of the crime, and to Daugherty's deprived childhood and adolescence. Appellant contends that had this expert testimony been presented at the sentencing hearing, any of the following four statutory mitigating circumstances would have been established: that appellant had committed the crime while under the substantial domination of another; that he committed the crime under extreme mental or emotional disturbance; that his capacity to appreciate his actions was substantially impaired; and that he was emotionally immature for his age (20 years old) at the time of the crime.
The state presented as its witness Mr. Kutsche, appellant's counsel at trial and on appeal. Kutsche testified that he consulted two psychologists about the case and discussed with his client a psychiatric report that had been used in a murder case in Pennsylvania in which Daugherty had been convicted. Concluding that psychiatric testimony would not be to his client's advantage, Kutsche decided instead to present only lay witnesses regarding the mitigating circumstances in order to emphasize that his client had reformed since committing the crime. Therefore, he presented the testimony of Daugherty and Father Albert J. Anselmi. Daugherty testified about his childhood and adolescence, the crimes he had committed, his remorse, and his subsequent religious conversion. Father Anselmi, an experienced prison chaplain, testified that Daugherty's religious beliefs were sincere.
The record reflects that the trial court considered all the evidence presented and, after making the requisite factual findings, determined that appellant did not meet his burden of proving the performance prong of the test established by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We agree. Accordingly, we affirm the trial court's denial of appellant's motion for post-conviction relief.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH and SHAW, JJ., concur.
NOTES
[*] We note that the trial court did not find this aggravating factor.