533 So.2d 287 (1988)
Jeffery Joseph DAUGHERTY, Appellant,
v.
STATE of Florida, Appellee.
Jeffery Joseph DAUGHERTY, Petitioner,
v.
Richard L. DUGGER, Etc., Respondent.
Nos. 73256, 73257.
Supreme Court of Florida.
November 1, 1988.
Certiorari Denied November 14, 1988.
*288 John P. Dean of Donovan, Leisure, Newton & Irvine, Washington, D.C., for appellant/petitioner.
Robert A. Butterworth, Atty. Gen., and Richard B. Martell and Belle B. Turner, Asst. Attys. Gen., Daytona Beach, for appellee/respondent.
Certiorari Denied November 14, 1988. See 109 S.Ct. 402.
PER CURIAM.
Jeffery Joseph Daugherty, a prisoner under sentence of death, petitions for habeas corpus, requests a stay of execution and appeals the trial court's denial of his second motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850.[1]
Daugherty pled guilty to the first-degree murder, robbery, and kidnapping of Lavonne Patricia Sailer. Following the jury's recommendation, the trial judge imposed the death sentence. That decision later was affirmed. Daugherty v. State, 419 So.2d 1067 (Fla. 1982), cert. denied, 459 U.S. 1228, 103 S.Ct. 1236, 75 L.Ed.2d 469 (1983).
Daugherty has since unsuccessfully sought habeas relief both in this Court and in the federal courts. Daugherty v. Wainwright, 443 So.2d 979 (Fla. 1983), cert. denied, 466 U.S. 945, 104 S.Ct. 1931, 80 L.Ed.2d 476 (1984); Daugherty v. Dugger, 839 F.2d 1426 (11th Cir.1988), cert. denied, ___ U.S. ___, 109 S.Ct. 187, 102 L.Ed.2d 156 (1988) (affirming denial of habeas petition by Middle District of Florida). Additionally, Daugherty filed his first 3.850 motion in the trial court on March 15, 1985. The trial court denied this motion, and that decision was also affirmed. Daugherty v. State, 505 So.2d 1323 (Fla. 1987), cert. denied, ___ U.S. ___, 108 S.Ct. 221, 98 L.Ed.2d 180 (1987).
On October 7, 1988, Governor Martinez signed Daugherty's second death warrant. On October 24, Daugherty filed a second 3.850 motion, which was denied by the trial court. Daugherty appeals this ruling on five grounds, which we find to be meritless.
First, Daugherty claims that the standard instruction given to the jury on the aggravating factor of "especially heinous, atrocious or cruel" was constitutionally invalid under Maynard v. Cartwright, ___ U.S. ___, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988). We find Maynard inapplicable because this aggravating factor was not found in this case, and therefore need not address its applicability in other circumstances.
Second, Daugherty claims that prosecutorial argument violated the dictates of Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). This Court has determined that Caldwell is inapplicable in Florida. Combs v. State, 525 So.2d 853 (Fla. 1988).
Third, Daugherty claims that because one of his prior convictions for a *289 violent felony was reversed, his sentence was constitutionally unreliable under Johnson v. Mississippi, ___ U.S. ___, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988). We find Johnson inapposite. The trial judge found that the aggravating circumstance, "previously convicted of another capital felony or of a felony involving the use or threat of violence to the person," applied by virtue of Daugherty's other prior convictions. These included three murders in addition to the murder of Ms. Sailer, several armed robberies, and several aggravated assaults.[2] In Johnson, the sole evidence supporting the finding of Mississippi's comparable aggravating circumstance was a document establishing Johnson's conviction for a 1963 offense in New York state. The Supreme Court concluded that the eighth amendment required a reexamination of Johnson's death sentence when the New York conviction later was reversed. The reversal of Daugherty's 1977 Pennsylvania murder conviction, in light of Daugherty's record, does not compel the same result.
Fourth, Daugherty contends that the sentencing judge's failure to consider nonstatutory mitigating evidence violated Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987). There is no question that the judge correctly instructed the jury that they could consider nonstatutory mitigating circumstances. This Court previously has ruled that the trial judge in fact did consider all the mitigating evidence presented. Daugherty, 419 So.2d at 1071. We note that this claim also has been considered and rejected by the Eleventh Circuit Court of Appeals in Daugherty, 839 F.2d at 1432.
Finally, Daugherty argues that Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987), mandates relief. However, because Daugherty failed to object to the prosecutor's closing argument at trial, he cannot prevail on this issue. Grossman v. State, 525 So.2d 833 (Fla. 1988).
Accordingly, we affirm the trial court's order denying Daugherty's second 3.850 motion and deny the petition for habeas corpus and request for a stay of execution.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NO MOTION FOR REHEARING WILL BE ALLOWED.
NOTES
[1] Our jurisdiction is mandatory. Art. V, § 3(b)(1) and (9), Fla. Const.
[2] A letter Daugherty wrote while in jail was introduced into evidence at sentencing. In it, he admitted "I've killed seven people and robbed about twenty places all across the United States... ."