565 So.2d 700 (1990)
Jerry WHITE, Petitioner,
v.
Richard L. DUGGER, Etc., Respondent.
No. 76307.
Supreme Court of Florida.
July 17, 1990.
*701 Larry Helm Spalding, Capital Collateral Representative, and Billy H. Nolas, Chief Asst. CCR, Gail Anderson, Staff Atty., and Judith J. Dougherty, Asst. CCR, Office of the Capital Collateral Representative, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Richard B. Martell, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
This is a petition for writ of habeas corpus and request for stay of execution. We have jurisdiction. Art. V, § 3(b)(1), (9), Fla. Const.
White was convicted of robbing a small grocery store and shooting to death a customer. The murder conviction and sentence of death were affirmed. White v. State, 446 So.2d 1031 (Fla. 1984). Subsequent to the signing of the first death warrant, White filed an application for stay of execution and a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. The stay was granted and the motion denied following an evidentiary hearing. The denial was affirmed. White v. State, 559 So.2d 1097 (Fla. 1990). Following the signing of the second death warrant, White's successive rule 3.850 motion was denied without an evidentiary hearing; that order has been appealed.
White raises a number of claims, which we reject for the following reasons:
CLAIM I
TRIAL COUNSEL'S VIOLATION OF HIS DUTY OF LOYALTY TO HIS CAPITAL CLIENT, HIS OBVIOUS RACISM WHILE REPRESENTING THIS BLACK CLIENT, HIS COMPLETE INDIFFERENCE TO HIS CLIENT'S FATE, HIS INTEREST IN PROTECTING HIMSELF RATHER THAN HIS CLIENT, AND HIS GROSSLY IMPROPER, TRAGIC, UNPROFESSIONAL, AND UNETHICAL, PENALTY PHASE ACTIONS LITERALLY CRY OUT FROM THE DIRECT APPEAL RECORD AND DEMAND THAT THIS COURT ISSUE AN ORDER THAT "WILL DO JUSTICE," VACATING MR. WHITE'S UNCONSTITUTIONAL CAPITAL *702 CONVICTION AND DEATH SENTENCE.
This claim of trial counsel's ineffectiveness is procedurally barred; it was raised in White's first rule 3.850 motion and was rejected by the trial court and this Court. White's additional assertion that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness is without merit.
CLAIM II
MR. WHITE WAS EFFECTIVELY DENIED HIS RIGHT TO A MEANINGFUL DIRECT APPEAL BY TRIAL COUNSEL'S UNREASONABLE FAILURES TO PRESERVE MERITORIOUS ISSUES FOR APPELLATE REVIEW AND BY APPELLATE COUNSEL'S BLATANT INEFFECTIVENESS AS REQUIRING CONSIDERATION OF THESE MERITORIOUS ISSUES, IN VIOLATION OF THE SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS.
This claim is procedurally barred; it too was raised in Mr. White's first rule 3.850 motion and was rejected by both the trial court and this Court.
CLAIM III
THIS COURT'S DISPOSITION OF MR. WHITE'S CASE ON DIRECT APPEAL AFTER STRIKING TWO AGGRAVATING FACTORS CANNOT BE SQUARED WITH CLEMONS V. MISSISSIPPI AND VIOLATES THE EIGHTH AND FOURTEENTH AMENDMENTS BECAUSE STATE LAW PLACED EXCLUSIVE SENTENCING AUTHORITY WITH THE TRIAL COURT JURY AND JUDGE AND THIS COURT THUS COULD NOT AND IN THIS CASE DID NOT REWEIGH AGGRAVATION AND MITIGATION, AND DID NOT ENGAGE IN ANY APPROPRIATE HARMLESS ERROR REVIEW UPON THE STRIKING OF AGGRAVATING CIRCUMSTANCES.
In Clemons v. Mississippi, ___ U.S. ___, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990), the United States Supreme Court reviewed a decision of the Mississippi Supreme Court, which upheld Clemons' death sentence and also recognized that the state's "especially heinous" aggravating factor had been unconstitutional until given a proper limiting construction. The federal Court remanded the case for resentencing because it could not tell 1) whether the state court in reweighing the aggravating and mitigating factors had considered the invalid factor in its unlimited form, 2) whether the court had created an automatic rule that whenever an aggravating factor has been invalidated the sentence may be affirmed as long as one valid aggravating factor remains, and 3) whether the court had properly applied harmless error analysis.
White claims that this Court violated Clemons when it affirmed his death sentence after invalidating two out of four aggravating factors. In affirming White's sentence on direct appeal, we stated:
When there are one or more valid aggravating factors which support a death sentence, in the absence of any mitigating factor(s) which might override the aggravating factors, death is presumed to be the appropriate penalty.
White, 446 So.2d at 1037. Regardless of this language, we are convinced that this Court properly applied a harmless error analysis on direct appeal. To remove any doubt, we again apply this analysis and conclude that the trial court's ruling would have been the same beyond a reasonable doubt even in the absence of the invalid aggravating factors.
CLAIM IV
AFTER STRIKING TWO AGGRAVATING CIRCUMSTANCES ON DIRECT APPEAL AS HAVING BEEN IMPROPERLY APPLIED, THIS COURT DID NOT CONSIDER THAT, ALTHOUGH THE JURY PLAYS A CENTRAL ROLE IN FLORIDA'S CAPITAL SENTENCING SCHEME, MR. WHITE'S JURY WAS NOT INSTRUCTED UPON THE VERY PRINCIPLES WHICH LED THIS COURT TO STRIKE TWO OF *703 FOUR AGGRAVATING CIRCUMSTANCES AND THUS THAT THE JURY INSTRUCTIONS ON AGGRAVATING CIRCUMSTANCES RESULTED IN THE OVERBROAD AND NONDISCRETION CHANNELING APPLICATION OF AGGRAVATING FACTORS, IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS.
White's claim that the jury was improperly instructed concerning the above aggravating factors is procedurally barred; it should have been raised on direct appeal had it been properly preserved.
CLAIM V
THE EIGHTH AMENDMENT WAS VIOLATED BY THE SENTENCING COURT'S REFUSAL TO FIND THE MITIGATING CIRCUMSTANCES CLEARLY SET OUT IN THE RECORD AND FUNDAMENTAL ERROR HAS BEEN SHOWN, WARRANTING THE ISSUANCE OF THE WRIT.
This claim is procedurally barred; it was raised and rejected on direct appeal.
CLAIM VI
THE PENALTY PHASE JURY INSTRUCTIONS AND PROSECUTORIAL ARGUMENT SHIFTED THE BURDEN TO MR. WHITE TO PROVE THAT DEATH WAS NOT APPROPRIATE, LIMITED FULL CONSIDERATION OF MITIGATING CIRCUMSTANCES, TO THOSE WHICH OUTWEIGHED AGGRAVATING CIRCUMSTANCES, AND VIOLATED STATE LAW IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS.
This claim should have been raised on direct appeal had it been preserved; it is procedurally barred.
CLAIM VII
UNAUTHORIZED PERSONS PARTICIPATED IN THE GRAND JURY PROCEEDINGS, THEREBY DENYING MR. WHITE DUE PROCESS OF LAW AND EQUAL PROTECTION, IN THAT HIS INDICTMENT WAS OBTAINED IN A MANNER VIOLATIVE OF THE FLORIDA AND UNITED STATES CONSTITUTIONS.
White's trial counsel moved to have the indictment dismissed because the grand jury allegedly consisted of twenty-three persons rather than the statutorily required fifteen to eighteen. White claims that the presence of additional persons in a grand jury proceeding constitutes a due process violation resulting in fundamental constitutional error. We have already ruled otherwise. Thompson v. State, 565 So.2d 1311 (Fla. 1990). Appellate counsel was not ineffective for failing to raise this claim.
We deny White's petition for writ of habeas corpus and request for stay of execution. No motion for rehearing will be entertained.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH and GRIMES, JJ., concur.
BARKETT, J., concurs in part and dissents in part with an opinion, in which KOGAN, J., concurs.
BARKETT, Justice, concurring in part and dissenting in part.
I would grant a stay of execution and habeas relief because I believe Jerry White did not receive effective assistance of trial counsel. See White v. State, 559 So.2d 1097, 1100 (Fla. 1990) (Barkett, J., dissenting). I agree, however, that the Court has ruled adversely to White on this issue and therefore this claim is procedurally barred.
I cannot agree, however, with the majority's conclusion in reevaluating the aggravating and mitigating circumstances pursuant to Clemons v. Mississippi, ___ U.S. ___, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990). The Court rejected the aggravating circumstance of cold, calculated and premeditated murder in the direct appeal. White v. State, 446 So.2d 1031, 1037 (Fla. 1984). That left only two valid aggravating *704 circumstances: (1) committed in the course of a robbery (merged as one factor with the pecuniary gain circumstance); and (2) prior felony convictions. When these circumstances are weighed against the substantial evidence of intoxication that was presented at trial, I cannot conclude beyond any reasonable doubt, at least under the time constraints presented here, that the result would have been the same.
KOGAN, J., concurs.