Jerry WHITE, Petitioner–Appellant,

v.

Harry K. SINGLETARY, Jr., Secretary, Department of Corrections, Respondent–Appellee.

No. 95–3604.

United States Court of Appeals, Eleventh Circuit.

Dec. 3, 1995.

Martin J. McClain, Todd Gerald Scher, Office of the Capital Collateral Representative, Tallahassee, Florida, for appellant.

Richard B. Martell, Attorney General's Office, Legal Affairs, Tallahassee, Florida, for appellee.

Before KRAVITCH, EDMONDSON and BIRCH, Circuit Judges.

PER CURIAM:

This emergency matter involves a Petition for Writ of Habeas Corpus filed by Jerry White. Petitioner is a state prisoner in the custody of the State of Florida and scheduled to be executed at 12:00 p.m., Monday, December 4, 1995. He now seeks from us a Certificate of Probable Cause and a stay of execution. *The petition for the writ is not Petitioner's first.* We deny the certificate and the stay.

The district court's twenty-three page opinion in this case is thorough and complete; we will not repeat everything said there. White was convicted of robbing a grocery store and shooting to death a customer. His murder conviction and sentence of death were affirmed. *White v. State,* 446 So.2d 1031 (Fla.1984). His first motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850 was denied following an evidentiary hearing. That denial was affirmed. *White v. State,* 559 So.2d 1097 (Fla. 1990). White's petition for a writ of habeas corpus was denied by the Florida Supreme Court. *White v. Dugger,* 565 So.2d 700 (Fla. 1990). White then filed, pursuant to 28 U.S.C. § 2254, for a writ of habeas corpus in the Middle District of Florida. The district court denied the petition in 1990. The denial was affirmed by this court. *White v. Singletary,* 972 F.2d 1218 (11th Cir.1992). We then denied White's petition for rehearing and suggestion of rehearing *en banc. White v. Singletary,* 43 F.3d 681 (11th Cir.1994). The United States Supreme Court denied the petition for writ of certiorari on May 22, 1995 and on June 26, 1995 denied Petitioner's request for a rehearing.

Petitioner's next court action arose after a warrant was signed, authorizing and scheduling his execution. On November 27, 1995, Petitioner filed an Emergency Motion to Vacate Judgment of Conviction and Sentence and Request for Evidentiary Hearing and a Stay of Execution with the state trial court. The motions were denied. On November 29, 1995, the Supreme Court of Florida temporarily stayed Petitioner's execution until Monday, December 4, 1995, at 12:00 p.m. On December 1, 1995, the Supreme Court of Florida denied Petitioner's request for a stay of execution and petition for a writ of habeas corpus.

White then filed, for the second time, a petition for a writ of habeas corpus in the district court for the Middle District of Florida. By order of December 2, 1995, the dis-

trict court, without an evidentiary hearing, denied the petition. In addition, the district court denied a certificate of probable cause for an appeal.

## DISCUSSION

As noted in detail by the district court, Petitioner has asserted five claims for relief. First, he claims he received ineffective assistance of counsel at trial, and the prosecution failed to disclose exculpatory evidence. Second, he claims that the state has failed to provide him his "clemency investigation file," which assertedly may contain exculpatory information. Third, he says the trial court erred by recently refusing to grant his request for transcripts of grand jury hearing, an *in camera* review of the transcript, or the names of grand jurors. Fourth, he says the state trial court erred by failing to review certain materials withheld by the state, which contained exculpatory evidence. Fifth, the state failed to provide him with a lawyer to present a clemency application to the governor of Florida. We consider these claims in turn; and each one (except perhaps claim five) does appear to be either successive or an abuse of the writ within the meaning of Rule 9(b) of the Rules Governing Section 2254 Cases or procedurally barred.

■ First, White claims he received ineffective assistance of counsel, because trial counsel failed to present evidence of Petitioner's low intelligence and poor background at sentencing. In support of this claim, White has produced the affidavit of his trial prosecutor, Francis Blankner, and a letter from trial defense counsel, Emmet Moran. Both men attest to Moran's poor health and stamina during Petitioner's trial. Also, Petitioner submits a letter from Dr. Barry M. Crown, a neuropsychologist, who reports that he has found Jerry White to suffer from two statutory and five nonstatutory mitigating factors. Petitioner asserts this kind of evidence should have been introduced at his trial. Petitioner also makes the related claim that the state's failure to supply collateral counsel with a PSI showing Petitioner's I.Q. to be 72 was a violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

On the ineffective assistance of counsel aspects of this claim, the district court found and concluded that these matters are successive of matters raised in White's first federal habeas petition. There, White specifically alleged that counsel rendered ineffective assistance at sentencing by failing to introduce competent evidence of White's low I.Q. or to conduct investigation of White's background. Petitioner introduced at that time the affidavit of Dr. Macaluso, who described Petitioner's substance abuse problems. Also, Petitioner previously submitted the affidavit of Mr. Moran, who detailed his health problems. These issues are thus successive. The petitioner has failed to show cause for raising these matters again.

■ We also conclude that failure to provide collateral counsel with the PSI showing Petitioner's I.Q. to be 72 does not constitute a violation of *Brady:* the state provided trial counsel with a copy of the report before sentencing.

■ Also pursuant to his first claim, Petitioner asserts that the state failed to provide him exculpatory evidence in the form of evidence of blood stains at the crime scene, statements of two police officers, and statements of two customers who were in the store when the crime took place. White asserts that these items support the version of the events as portrayed by him at trial, and the failure of the state to provide him with this potential evidence violated *Brady.*

The district court did consider the merits of the *Brady* claims, as did Florida's 3.850 court, and Florida's Supreme Court. Weighing the merits, none of these courts concluded that relief was justified by the information underlying the *Brady* claim. Apart from any procedural bars that might apply, we conclude that on none of these alleged *Brady* issues—including the blood-stain evidence—has the petitioner shown that the outcome of the trial proceedings would likely have been different had he presented the "new" information at trial. *See, e.g., United States v. Meros*, 866 F.2d 1304, 1308 (11th Cir.(1989). We further conclude that no additional factual development or evidentiary hearing was called for on the *Brady* claims.

Petitioner's second claim concerns the failure of the state to provide him his "clemency investigation file," which he asserts may contain exculpatory information. The Supreme Court of Florida found this claim to be procedurally barred, and Petitioner has not shown cause and prejudice for failure to avoid the procedural bar in state court. *See Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Furthermore, petitioner has failed to allege fully that this information will show him to be actually innocent of an offense that would justify the death penalty. This claim will therefore not be considered.

█ Claim three is predicated on the state trial court's denial of Petitioner's request for grand jury transcripts, *in camera* review of those transcripts, and the names of the grand jurors. Claim four is based on the state trial court's refusal to review exculpatory evidence brought to its attention. Both of these claims are subject to dismissal on the ground of abuse of the writ, inasmuch as Petitioner failed to raise them in his first federal habeas petition. And, as the district court concluded, these claims truly raise issues of state law and, thus, do not present a question for this court on habeas review. *See Beverly v. Jones,* 854 F.2d 412, 416 (11th Cir.1988).

█ In his fifth claim, petitioner contends that the state of Florida has violated his rights by its failure to provide him with a lawyer for his clemency petition to the governor of Florida. As the district court properly held, no constitutional right exists to counsel in clemency hearings. *Cf. Coleman v. Thompson,* 501 U.S. 722, 756–57, 111 S.Ct. 2546, 2568–69, 115 L.Ed.2d 640 (1991) (no right to counsel beyond first appeal in pursuing state discretionary or collateral review). Therefore, Petitioner's fifth claim is not cognizable in this postconviction proceeding.

Especially in the light of the fact that this is Petitioner's second petition for section 2254 relief, that Petitioner has made no colorable showing of actual innocence in fact, and that the district court has committed no apparent reversible errors of law, we conclude that Petitioner makes no substantial showing of the denial of a federal right upon which relief could be granted. So, we deny the certificate of probable cause and the stay of execution.

MOTION FOR CERTIFICATE DENIED.

MOTION FOR FURTHER STAY DENIED.

PETITIONER'S REQUEST FOR ORAL ARGUMENT IS DENIED.

KRAVITCH, Circuit Judge, concurring in the judgment:

Reluctantly, I concur. I write specially because, in my view, had evidence of White's organic brain damage and low I.Q. been properly presented to the jury as a mitigating circumstance at sentencing, there is a reasonable probability that the death penalty would not have been imposed, and therefore that failure of the trial attorney to present such evidence constituted ineffective assistance of counsel. As the majority points out, however, this claim was raised in the prior habeas petition, although not as thoroughly documented or persuasively argued as in the present petition. We are bound by Supreme Court rulings as to the standard for cause in successive petitions, and unfortunately petitioner has not overcome these procedural hurdles. As a result, a potentially meritorious claim that might have kept Jerry White from the electric chair will never be heard.