714 So.2d 365 (1998)
Bennie DEMPS, Petitioner,
v.
Richard L. DUGGER, etc., Respondent.
Bennie DEMPS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 75944, 86428.
Supreme Court of Florida.
April 9, 1998.
Rehearing Denied June 11, 1998.
*366 William Salmon, Gainesville, Armando Garcia, Tallahassee, and John W. Moser, Capital Collateral Regional CounselMiddle, Tampa, for Petitioner/Appellant.
Robert A. Butterworth, Attorney General, and Mark E. Menser and Curtis M. French, Assistant Attorneys General, Tallahassee, for Respondent/Appellee.
PER CURIAM.
Bennie Demps appeals an order of the trial court denying relief under Florida Rule of Criminal Procedure 3.850 and petitions the Court for a writ of habeas corpus. We have jurisdiction. Art. V, § 3(b)(1), (9), Fla. Const. We affirm the denial of rule 3.850 relief and deny the writ.
The facts of this case are set out fully in our opinion on direct appeal. See Demps v. State, 395 So.2d 501 (Fla.1981). On September 6, 1976, Bennie Demps and two other inmates, James Jackson and Harry Mungin, stabbed a purported "snitch," Alfred Sturgis, to death. In his dying declaration to Officer Rhoden, Sturgis identified the three as his assailants. Another inmate, Larry Hathaway, witnessed the assault and corroborated Sturgis' account of the crime. At the time of the killing, Demps was serving two consecutive life sentences and a twenty-year sentence for two other murders and an attempted murder (he had locked three people in the trunk of a car and shot repeatedly into the trunk).[1] Demps was convicted of murder for the present crime[2] and was sentenced to death based on four aggravating circumstances[3] and no mitigating circumstances. We affirmed.[4]
After the governor signed a death warrant, Demps filed a rule 3.850 motion for postconviction relief, which the trial court denied without an evidentiary hearing. This Court remanded for an evidentiary hearing. Demps v. State, 416 So.2d 808 (Fla.1982).
*367 The trial court held a hearing and again denied relief. We affirmed. Demps v. State, 462 So.2d 1074 (Fla.1984). Pursuant to a second death warrant, Demps petitioned this Court for a writ of habeas corpus, which we denied. Demps v. Dugger, 514 So.2d 1092 (Fla.1987). We also affirmed the trial court's summary denial of Demps' second motion for rule 3.850 relief. Demps v. State, 515 So.2d 196 (Fla.1987). When Governor Martinez signed a third death warrant in April 1990, Demps filed the current petition for writ of habeas corpus in this Court. This Court granted a stay of execution and Demps filed his third rule 3.850 motion in the trial court, which the court summarily denied. Demps now appeals that denial of 3.850 relief[5] and seeks relief under his pending habeas petition.[6]

RULE 3.850 MOTION
Demps first claims that the trial court erred in failing to grant an evidentiary hearing on his claim of newly discovered evidence. We disagree. The trial court addressed this issue in its order denying relief:
Claim I of the petition fails to establish the existence of newly discovered evidence and is both time-barred and procedurally barred. The claim of Mr. Demps is simply a revised version of Mr. Demps' prior conspiracy theories and is dependent upon the testimony of alleged witnesses who were known to Demps prior to his original trial (R 153-154) and thus do not qualify as "newly discovered." Thus, this claim could and should have been raised in a prior petition and is subject to dismissal on authority of Demps v. State, 515 So.2d 196 (Fla.1987). It is further noted that Mr. Demps' untimely utilization of Chapter 119, Fla. Stat., defeats any claim of "due diligence," just as it did in Demps ....
The trial court properly applied the law, and competent substantial evidence supports its finding. We find no error.
As a corollary issue, Demps challenges the sufficiency of the trial court's order denying 3.850 relief, claiming that the court summarily denied several claims without attaching relevant portions of the record as required by this Court's rules of procedure. This issue, however, has already been decided adversely to the defendant. See Anderson v. State, 627 So.2d 1170, 1171 (Fla. 1993) ("To support summary denial without a hearing, a trial court must either state its rationale in its decision or attach those specific parts of the record that refute each claim presented in the motion."). The trial court in the present case stated its rationale for denying each claim. We find no error.
Demps next claims that this Court erred under Clemons[7] when we affirmed his death sentence after striking two aggravating circumstances. We disagree. This issue has already been decided adversely to the defendant. See White v. Dugger, 565 So.2d 700, 702 (Fla.1990). As in White, we are convinced that this Court properly applied harmless error analysis on direct appeal. See Demps v. State, 395 So.2d 501 (Fla.1981). Furthermore, we reaffirm today that the trial court's ruling would have been the same beyond a reasonable doubt in the absence of the invalid factors. Cf. id. We find no error. Demps claims that the penalty phase instruction given by the trial court improperly shifted the burden to the defendant to prove that the mitigating circumstances outweighed the aggravating circumstances. We agree with the trial court that *368 this claim is procedurally barred as an issue that could and should have been raised previously.[8] We find no error.

HABEAS CORPUS
Demps first claims that this Court erred in affirming his death sentence after striking two aggravating factors on direct appeal. This claim was raised in the current rule 3.850 motion and has been addressed above. See Blanco v. Wainwright, 507 So.2d 1377, 1384 (Fla.1987) ("By raising the issue in the petition for writ of habeas corpus, in addition to the rule 3.850 petition, collateral counsel has accomplished nothing except to unnecessarily burden this Court with redundant material.").
Demps' second claim, i.e., that the penalty phase instruction improperly shifted the burden to the defendant to prove that the mitigators outweighed the aggravators, was similarly raised and addressed above. See Blanco.
Based on the foregoing, we affirm the denial of Demps' rule 3.850 motion, and we deny his petition for writ of habeas corpus.
It is so ordered.
KOGAN, C.J., OVERTON, SHAW, HARDING and WELLS, JJ., and GRIMES, Senior Justice, concur.
ANSTEAD, J., concurs in conclusion only.
NOTES
[1] Demps' death sentences for these two prior murders had been reduced to life imprisonment pursuant to Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). See Anderson v. State, 267 So.2d 8, 10 (Fla.1972).
[2] Codefendants Jackson and Mungin were convicted of first-degree murder and sentenced to life imprisonment (the jury recommended death for Jackson and life for Mungin).
[3] The trial court found the following aggravating circumstances: (1) Demps was under sentence of imprisonment; (2) Demps had previously been convicted of other capital felonies; (3) the crime was committed to prevent arrest or avoid escape; and (4) the crime was especially heinous, atrocious, or cruel (HAC).
[4] We struck aggravating circumstances (3) and (4).
[5] Demps raises three issues, claiming error on the following points: (1) failure to hold an evidentiary hearing; (2) Clemons claim; (3) burden-shifting claim.
[6] Demps raises two issues, claiming error on the following points: (1) Clemons claim; (2) burden-shifting claim.
[7] In Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990), the Mississippi Supreme Court affirmed Clemons' death sentencethe court concluded that although the jury had been given an unconstitutionally vague instruction on the state's "especially heinous" aggravating factor, the court (the Mississippi Supreme Court) had previously given the factor a proper limiting construction. The United States Supreme Court remanded for resentencing because it could not tell if the Mississippi high court: (1) had properly reweighed the aggravating and mitigating circumstances; (2) had created an automatic rule of affirmance in such cases, or (3) had conducted a proper harmless error analysis.
[8] Furthermore, this issue has been decided adversely to the defendant on the merits, repeatedly. See, e.g., Shellito v. State, 701 So.2d 837 (Fla.1997), petition for cert. filed, (U.S. Feb. 23, 1998)(No. 97-8068).