SHARP, W., J.
Blackwell seeks a writ of habeas corpus for a belated appeal on the ground that his appellate counsel was ineffective for failing to argue that his trial counsel was ineffective for numerous alleged defects. We deny his petition.
The record discloses that Blackwell was tried and convicted of petit theft and burglary of a dwelling.[1] His convictions and sentences were affirmed on appeal. See Blackwell v. State, 799 So.2d 1061 (Fla. 5th DCA 2001). Blackwell then filed a motion pursuant to Florida Rule of Criminal Procedure 3.850, claiming ineffective assistance of trial counsel. The trial court denied this motion and this court affirmed the denial. See Blackwell v. State, 826 So.2d 315 (Fla. 5th DCA 2002).
This petition is an improper attempt to reargue the same issues resolved by his earlier rule 3.850 proceeding. Designated by any other name or dressed in a different costume, Blackwell seeks in this cause to present the same matters. See Ventura v. State, 794 So.2d 553 (Fla.2001), cert. Denied, — U.S. —, 122 S.Ct. 2296, 152 L.Ed.2d 1054 (2002); White v. Dugger, 565 So.2d 700 (Fla.1990).
Further, the Florida Supreme Court reaffirmed in Rutherford v. Moore, 774 So.2d 637 (Fla.2000), that appellate counsel is not ineffective for failing to raise ineffective assistance of trial counsel. Id. At 647-648.
Petition Alleging Ineffective Assistance of Appellate Counsel DENIED.
COBB and SAWAYA, JJ., concur.

. §§ 812.014(2)(e); 810.02(2)(c), Fla. Stat. (2000).