564 So.2d 120 (1990)
Robert Anthony PRESTON, Appellant,
v.
STATE of Florida, Appellee.
No. 75794.
Supreme Court of Florida.
June 7, 1990.
Rehearing Denied August 21, 1990.
Larry Helm Spalding, Capital Collateral Representative, Billy H. Nolas, Chief Asst. Capital Collateral Representative, and Thomas H. Dunn, Staff Atty., Office of *121 Capital Collateral Representative, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Kellie A. Nielan, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
This is an appeal from the denial of a motion to vacate a judgment of guilt and sentence of death. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Robert Preston was convicted of first-degree murder and sentenced to death. The conviction and sentence were affirmed by this Court in Preston v. State, 444 So.2d 939 (Fla. 1984). The denial of his subsequent motion for postconviction relief was affirmed in Preston v. State, 528 So.2d 896 (Fla. 1988). Thereafter, this Court denied Preston's petition for writ of error coram nobis and petition for writ of habeas corpus. Preston v. State, 531 So.2d 154 (Fla. 1988), cert. denied, ___ U.S. ___, 109 S.Ct. 1356, 103 L.Ed.2d 824 (1989).
Following the issuance of a death warrant, Preston filed another motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. The trial court summarily denied the motion. Upon consideration of Preston's appeal, this Court stayed his execution.
In his original trial, the jury recommended the sentence of death by a seven-to-five vote. The trial court found four aggravating circumstances: (1) the conviction of a prior felony involving the use or threat of violence to the person; (2) the murder was committed while engaged in the crimes of robbery and kidnapping; (3) the murder was especially heinous, atrocious, or cruel; and (4) the murder was committed in a cold, calculated, and premeditated manner without any pretense of moral or legal justification. On appeal, this Court concluded that the crime had not been committed in a cold, calculated, and premeditated manner. However, the Court held that in the absence of any statutory mitigating circumstances, the three remaining aggravating circumstances were sufficient to support the sentence of death.
The prior felony of violence of which Preston had been convicted was throwing a deadly missile into an occupied vehicle. In 1989 Preston obtained an order on motion for postconviction relief which vacated the deadly missile conviction because of ineffective assistance of trial counsel. This result prompted the filing of another petition for writ of habeas corpus in this Court seeking to vacate Preston's sentence predicated upon the rationale of Johnson v. Mississippi, 486 U.S. 578, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988). We denied this petition "without prejudice to raise the same argument by a 3.850 motion in the trial court." Preston v. Dugger, 545 So.2d 1368 (Fla. 1989). On January 17, 1990, the Fifth District Court of Appeal affirmed the order vacating the deadly missile conviction. Preston's primary argument in the current appeal focuses on the effect that vacating that conviction has upon his death sentence.
In Johnson v. Mississippi, the defendant had been sentenced to death upon the finding of three aggravating circumstances, one of which was the previous conviction of a felony involving the use of violence. After his sentence was affirmed, the previous violent-felony conviction was set aside. In a collateral attack, the United States Supreme Court vacated the death sentence because it was predicated on the prior violent felony conviction which had been set aside. The Court made the following pertinent observation:
In this Court the Mississippi Attorney General advances an argument for affirmance that was not relied upon by the State Supreme Court. He argues that the decision of the Mississippi Supreme Court should be affirmed because when that court conducted its proportionality review of the death sentence on petitioner's initial appeal, it did not mention petitioner's prior conviction in upholding the sentence. Whether it is true, as the Attorney General argues, that even absent evidence of petitioner's prior conviction a death sentence would be consistent with Mississippi's practice in other cases, however, is not determinative of this case. First, the Mississippi Supreme Court expressly *122 refused to rely on harmless-error analysis in upholding petitioner's sentence, [Johnson v. State,] 511 So.2d 1333 at 1338 [(Miss. 1987)]; on the facts of this case, that refusal was plainly justified. Second, and more importantly, the error here extended beyond the mere invalidation of an aggravating circumstance supported by evidence that was otherwise admissible. Here the jury was allowed to consider evidence that has been revealed to be materially inaccurate.
108 S.Ct. at 1988-89 (footnotes omitted).
A more recent decision of the United States Supreme Court sheds further light on the subject. In Clemons v. Mississippi, ___ U.S. ___, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990), the defendant was sentenced to death on two statutory aggravating factors: (1) that the murder was committed during the course of a robbery for pecuniary gain; and (2) that it was an "especially heinous, atrocious or cruel" killing. On appeal, the Mississippi Supreme Court recognized that the United States Supreme Court had invalidated Oklahoma's identical "especially heinous, atrocious, or cruel" aggravating circumstance in Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988). However, the Mississippi court distinguished Maynard and affirmed the death sentence because, inter alia, it had previously given the appropriate limiting instruction to the especially heinous, atrocious, or cruel aggravating factor, and Mississippi has an established procedure whereby the elimination of one of several aggravating circumstances does not necessarily negate the death sentence.
On certiorari, the United States Supreme Court said that it was permissible for an appellate court to reweigh the aggravating and mitigating circumstances when one of the underlying aggravating circumstances upon which a death sentence is based is invalidated. However, because the Court was unsure whether the Mississippi Supreme Court had conducted the proper weighing process, the case was remanded for reconsideration. Of particular pertinence is footnote 5 of the Court's opinion which reads as follows:
We find unpersuasive Clemons's argument that the Mississippi Supreme Court's decision to remand to a sentencing jury in Johnson v. State, 511 So.2d 1333 (1987), rev'd, 486 U.S. 578, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988), on remand, 547 So.2d 59 (1989), a case in which this Court reversed the death sentence because it depended in part on a jury finding that the "especially heinous" aggravating factor was present, indicates that the Mississippi Supreme Court acted arbitrarily in refusing to do the same in this case. Johnson is distinguishable because in that case the jury had found both that the defendant had been convicted of a prior violent felony and that the murder was especially heinous, atrocious or cruel. In fact, the prior conviction the jury relied upon had been vacated and thus the jury was permitted to consider inadmissible evidence in determining the defendant's sentence. This Court noted in vacating the sentence that the Mississippi Supreme Court's refusal to rely on harmless-error analysis in upholding the sentence was "plainly justified" because the error "extended beyond the mere invalidation of an aggravating circumstance supported by evidence that was otherwise admissible" and in fact permitted the jury "to consider evidence that [was] revealed to be materially inaccurate." 486 U.S., at 590, 108 S.Ct., at 1989. The Court did not hold that the Mississippi Supreme Court could not have applied harmless error analysis.
Given that two aggravating factors had been invalidated and inadmissible evidence had been presented to the jury, it was not unreasonable for the Mississippi Supreme Court to conclude that it could not conduct the harmless error inquiry or adequately reweigh the mitigating factors and aggravating circumstances in Johnson. By contrast, in this case there is no serious suggestion that the State's reliance on the "especially heinous" factor led to the introduction of any evidence that was not otherwise admissible in either the guilt or sentencing phases of the proceeding. All of the circumstances *123 surrounding the murder already had been aired during the guilt phase of the trial and a jury clearly is entitled to consider such evidence in imposing sentence. A state appellate court's decision to conduct harmless error analysis or to reweigh aggravating and mitigating factors rather than remand to the sentencing jury violates the Constitution only if the decision is made arbitrarily. We cannot say that the Mississippi Supreme Court's refusal to remand in this case was rendered arbitrary by its decision to remand in Johnson.

110 S.Ct. at 1451-52 n. 5.
Thus, the state correctly argues that the United States Supreme Court has not precluded a harmless error analysis in a case such as this in which the conviction of a prior violent felony that formed the basis for an aggravating circumstance is later set aside. It is clear, however, that that Court believes such an error is more likely to be harmful because evidence has been admitted which is later "revealed to be materially inaccurate."
In asserting harmless error, the state points to a portion of Preston's trial record which suggests that the judge did not give great weight to the prior violent felony because of its nature. On the other hand, we note that the prosecutor emphasized the importance of the prior violent felony in his closing argument to the jury. In addition, only two of the four aggravating circumstances remain because this Court has previously eliminated the finding that the murder was committed in a cold, calculated, and premeditated manner. Further, there was mitigating evidence introduced at the trial, even though no statutory mitigating circumstances were found. Finally, the jury only recommended death by a one-vote margin. Had the jury returned a recommendation of life imprisonment, we cannot be certain whether Preston's ultimate sentence would have been the same. Under the circumstances, we are unable to say that the vacation of Preston's prior violent felony conviction constituted harmless error as related to his death sentence.
Our decision is consistent with Burr v. State, 550 So.2d 444 (Fla. 1989), petition for cert. filed, No. 89-1320 (U.S. Feb. 13, 1990), in which we vacated a death sentence because two of the aggravating factors were partially supported by evidence of a crime of which the defendant was later acquitted. Duest v. Dugger, 555 So.2d 849 (Fla. 1990); Bundy v. State, 538 So.2d 445 (Fla. 1989), and Daugherty v. State, 533 So.2d 287 (Fla. 1988), are distinguishable because in each of these cases there remained at least one valid prior felony conviction on the defendant's record even though another had been set aside.
In his current motion for postconviction relief, Preston also argues that he is entitled to a new trial because of newly discovered evidence. This is the same newly discovered evidence upon which he filed his application for leave to file petition for writ of error coram nobis that was later denied by this Court. In denying Preston's application, we said:
Thus, it cannot be said that the newly discovered evidence would have conclusively prevented entry of the judgment. Moreover, we are convinced that even under the standard advocated by Justice Overton in his dissent in Hallman [v. State, 371 So.2d 482 (Fla. 1979)], the existence of the newly discovered evidence in this case would not have "probably" caused the jury to find Preston innocent. Hallman, 371 So.2d at 487.
Preston v. State, 531 So.2d at 158. Preston's claim of newly discovered evidence is procedurally barred.
The balance of Preston's claims are also procedurally barred and need not be discussed.
We vacate Preston's sentence of death and remand for resentencing before the jury and the judge within ninety days with the following caveat. Should Preston be reconvicted of the prior deadly missile felony before his resentencing for the murder, upon notification thereof this Court shall reimpose the original death sentence because in that event the prior aggravating circumstance of a previous conviction of a violent felony will once again be valid and *124 neither the jury nor the judge will have relied upon inaccurate evidence.[*]
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs in result only.
NOTES
[*] We recede from our opinion in Oats v. State, 446 So.2d 90 (Fla. 1984), to the extent it may conflict with this analysis.