629 So.2d 105 (1993)
Samuel RIVERA, Petitioner,
v.
Richard L. DUGGER, etc., Respondent.
Samuel RIVERA, Appellant,
v.
STATE of Florida, Appellee.
Nos. 76694, 77934.
Supreme Court of Florida.
October 28, 1993.
Rehearing Denied January 13, 1994.
*106 Michael J. Minerva, Capital Collateral Representative, Jerrel E. Phillips, Gail E. Anderson, Deborah K. Nimmons and M. Elizabeth Wells, Asst. CCRs, Office of Capital Collateral Representative, Tallahassee, for petitioner, appellant.
Robert A. Butterworth, Atty. Gen., and Fariba N. Komeily, Asst. Atty. Gen., Miami, for respondent, appellee.
PER CURIAM.
Samuel Rivera, a prisoner under sentence of death, appeals the denial of his motion for postconviction relief. He also petitions the Court for a writ of habeas corpus. We have jurisdiction under article V, sections 3(b)(1) and (9) of the Florida Constitution.
Rivera was convicted of murdering a police officer in 1987. After a penalty proceeding, the jury recommended death by a vote of seven to five. The trial court sentenced Rivera to death, finding six aggravating factors and no mitigating factors. This Court affirmed the conviction and sentence on direct appeal. Rivera v. State, 545 So.2d 864 (Fla. 1989). However, we struck the aggravating factors that the murder was especially heinous, atrocious, and cruel and that the murder was cold, calculated, and premeditated because they were not supported by the facts. Id. at 865-66.
In December 1990, Rivera filed a "Motion to Vacate Judgment of Conviction and Sentence" raising a total of twenty-four claims. The judge summarily denied twenty-one of the claims. After an evidentiary hearing on the remaining three issues[1] the circuit court denied all relief.
At the outset, we note that two of the issues now raised by Rivera are in a unique procedural posture because they concern matters which have occurred subsequent to the trial judge's order denying postconviction relief. While this appeal was pending, Judge Roy Gelber, who presided over the postconviction proceedings, was arrested for illegal activities involving his office. Judge Gelber subsequently pled guilty to the illegal activity and was incarcerated and disbarred. As a consequence, Rivera contends that he is entitled to a new hearing. In addition, while this appeal was pending, Rivera's Puerto Rican conviction, which formed the basis of the original finding of the aggravating factor of a prior violent felony, was set aside. The charge against Rivera was remanded for a new trial. Thus, Rivera argues that he is entitled to a new penalty-phase proceeding because the jury and the judge took into consideration invalid evidence.
Because these matters occurred subsequent to the proceedings below, we would not ordinarily entertain these arguments in this appeal. However, there is no dispute as to the occurrence of these events, and the State has responded to Rivera's arguments on the merits. Therefore, in order to avoid the necessity of a remand for further proceedings and further delay, we will address these issues as presented by the parties later in this opinion.[2]
*107 Rivera raises numerous guilt-phase claims in the appeal of the denial of his motion under Florida Rule of Criminal Procedure 3.850.[3] The following are procedurally barred: (1) whether Rivera was prejudiced by his absence from certain proceedings; (2) whether alleged failures of the translator prejudiced Rivera; (3) whether the jury instructions on flight and felony murder were adequate; (4) the alleged denial of Rivera's right to cross-examine witnesses; (5) whether the trial court improperly dismissed a juror for cause; and (6) whether the presence of uniformed police at the trial prejudiced Rivera. These claims should have and could have been raised on direct appeal. Smith v. Dugger, 565 So.2d 1293, 1294 n. 2 (Fla. 1990); Henderson v. Dugger, 522 So.2d 835, 836 n. [*] (Fla. 1988); McCrae v. State, 437 So.2d 1388, 1390 (Fla. 1983).
Rivera alleges that the State presented false evidence at the trial in that two State witnesses gave misleading testimony which was purported to be based on a lab report but which did not actually reflect the results of the report. Rivera argues that the report suggested the likelihood that both he and the victim fired the pistol during their struggle, whereas the witnesses indicated that the report reflected that the victim had not fired the pistol. In the first place, it is unclear whether this testimony was actually inconsistent with the report. Further, defense counsel had a copy of the report and could have asked the witnesses about any inconsistencies. In any event, this contention must be rejected because it would not have made any difference in the outcome of the case even if it were assumed that the victim did manage to fire the pistol during his struggle with Rivera.
Rivera also contends that counsel was ineffective during the guilt phase of his trial. In support of this contention, Rivera asserts numerous errors. To be ineffective, counsel's performance must be deficient and the deficient performance must prejudice the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In reviewing counsel's performance, the Court must be highly deferential to counsel, and in assessing the performance, every effort must "be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of the counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689, 104 S.Ct. at 2065.
Most of Rivera's ineffectiveness claims are not supported by the record and are without merit. The remainder are the result of conjecture and second-guessing. When viewed as a whole, the record reflects that trial counsel's performance fell well within "the wide range of reasonable professional assistance." Id. The fact that postconviction counsel would have handled an issue or examined a witness differently does not mean that the methods employed by trial counsel were inadequate or prejudicial. We also reject the guilt phase contention that Rivera received an inadequate mental health examination because the allegations are insufficient to plead a valid claim or are refuted by the record.
With respect to the issue concerning Judge Gelber, we note that he was assigned to the case after Judge Greenbaum, who presided over the trial, recused himself on a motion by Rivera. Rivera points out that Judge Gelber was under investigation for illegal activities at the time he conducted the postconviction hearing. Because the State was a party to the proceedings against Rivera while it was investigating Judge Gelber, Rivera contends that the judge could not be impartial when considering Rivera's case. We disagree. There is no allegation that Judge Gelber was aware of the investigation prior to or during the pendency of Rivera's postconviction proceedings. There is no assertion that any of Judge Gelber's criminal actions while on the bench were in any way related to Rivera's case. Further, the record *108 reflects that the judge conducted a thorough and fair evidentiary hearing, and there is no indication that his consideration of the issues raised by Rivera was biased.[4]
As noted above, at the sentencing phase of Rivera's trial, the State introduced evidence of Rivera's conviction of a prior violent felony committed against a police officer in Puerto Rico. While there was some contention that Rivera's crime was only a misdemeanor, the judge found it to be a felony and specified it as the basis for the aggravating circumstance of prior violent felony. The conviction was subsequently vacated. Rivera argues that the consideration by the sentencing jury and the judge of this now invalid conviction constitutes reversible error under Johnson v. Mississippi, 486 U.S. 578, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988).
In Johnson, the petitioner's death sentence was predicated, in part, on a previous conviction which was vacated after the trial and direct appeal. 486 U.S. at 580, 108 S.Ct. at 1983-84. During the sentencing phase of the petitioner's trial, the previous conviction was argued to the jury and used to support Mississippi's prior violent felony aggravating factor. Id. at 581, 108 S.Ct. at 1984. The Supreme Court reversed the death sentence, holding that the consideration of a subsequently vacated conviction to support an aggravating factor violates the Eighth Amendment. Id. at 590, 108 S.Ct. at 1988-89.
In reaching this conclusion, the Court reiterated its previous holding that capital sentencing decisions cannot be based on "mere `caprice' or on `factors that are constitutionally impermissible or totally irrelevant to the sentencing process.'" Id. at 585, 108 S.Ct. at 1986 (quoting Zant v. Stephens, 462 U.S. 862, 885, 103 S.Ct. 2733, 2747, 77 L.Ed.2d 235 (1983)). The Court stated, "the error here extended beyond the mere invalidation of an aggravating circumstance supported by evidence that was otherwise admissible. Here the jury was allowed to consider evidence that has been revealed to be materially inaccurate." Id. 486 U.S. at 590, 108 S.Ct. at 1989.
In Preston v. State, 564 So.2d 120 (Fla. 1990), the appellant was convicted of first-degree murder and the jury recommended death by a vote of seven to five. Id. at 121. The trial court found four aggravating factors, one of which was the conviction of a prior felony involving the use or threat of violence to the person. The court found no mitigating factors and followed the jury's recommendation of death. On direct appeal, this Court struck the aggravating factor that the murder was cold, calculated, and premeditated, but found that the remaining aggravating circumstances were sufficient to support the death sentence. Subsequently, the conviction underlying the prior violent felony aggravator was vacated. Id.
Relying on Johnson, this Court found constitutional error. Id. at 123. However, we noted that
the United States Supreme Court has not precluded a harmless error analysis in a case ... in which the conviction of a prior violent felony that formed the basis for an aggravating circumstance is later set aside. It is clear, however, that that Court believes such an error is more likely to be harmful because evidence has been admitted which is later "revealed to be materially inaccurate."
Id. In examining whether the error in Preston was harmless, we stated:
[T]he prosecutor emphasized the importance of the prior violent felony in his closing argument to the jury. In addition, only two of the four aggravating circumstances remain... . Further, there was mitigating evidence introduced at the trial, even though no statutory mitigating circumstances were found. Finally, the jury only recommended death by a one-vote margin. Had the jury returned a recommendation of life imprisonment, we cannot be certain whether Preston's ultimate sentence would have been the same. Under the circumstances, we are unable to say that the vacation of Preston's prior violent *109 felony conviction constituted harmless error as related to his death sentence.
Id. We vacated Preston's death sentence and remanded for resentencing. Id.
In the instant case, it is now clear that the lower court's reliance on Rivera's Puerto Rican conviction to support the prior violent felony aggravating factor was erroneous under Johnson and Preston. The State, however, contends that the error was harmless. The State points out that contemporaneous convictions for armed robbery and attempted armed robbery are present here, and that those convictions would have supported the aggravating factor. Also, there remain three other valid aggravating factors and no mitigation was found at the original sentencing.
On the other hand, the crime for which Rivera was convicted and sentenced in the instant case was the murder of a police officer. The now vacated Puerto Rican conviction also involved an assault on a police officer. That conviction became the centerpiece of the sentencing hearing. The testimony of two of the three witnesses who appeared before the jury focused exclusively on the prior conviction. In his closing argument, the prosecutor stated:
The next aggravating factor; the defendant has been previously convicted of another capital offense or of a felony involving the use or threat of violence to some person. Well, that one obviously applies.
He has been convicted of aggravated assault in 1984. Obviously, aggravated assault, when you pull a knife on somebody, is an act of violence against a person. Coincidentally, in that case it happened to have been a police officer that this act of violence was committed against.

So, that is one aggravating factor that applies in this case.
(Emphasis added.) As in Preston, the jury in the instant case recommended death by only a one-vote margin. Furthermore, only three of the six original aggravating factors found by the sentencing court now remain.
Based on the foregoing, we cannot say that the consideration of Rivera's vacated conviction, together with the consideration of the two aggravating circumstances later held to be inapplicable, constituted harmless error beyond a reasonable doubt.[5]
We affirm the denial of Rivera's motion to set aside his murder conviction, and we deny his petition for habeas corpus. However, we vacate Rivera's death sentence and remand for resentencing before a judge and jury.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] Two of these issues concerned the effect of Rivera's prior Puerto Rican conviction on the sentence of death. The third related to allegations of ineffective assistance of counsel at the penalty phase of the trial.
[2] In a very real sense, the trial judge did address the matter of the Puerto Rican conviction because the order denying postconviction relief states that even if the conviction had been erroneously admitted, the error would be harmless.
[3] Rivera raises five guilt-phase claims in his habeas petition. Most of those claims essentially duplicate claims raised in the rule 3.850 appeal and will not be treated separately in this opinion. We hold that the balance of the habeas claims have no merit. Further, to the extent that the claims in the habeas petition allege ineffective assistance of appellate counsel, we find that such claims are also without merit.
[4] We also reject Rivera's contention that the State had a duty to disclose its ongoing investigation of Judge Gelber. Clearly, such a disclosure would be unwarranted. See § 119.07(3)(d), Fla. Stat. (1987).
[5] Because of our disposition of this issue, we do not reach the remaining sentencing phase issues raised by Rivera.