635 So.2d 1036 (1994)
The STATE of Florida, Appellant,
v.
Michael Anthony MARTIN, Appellee.
No. 93-261.
District Court of Appeal of Florida, Third District.
April 26, 1994.
*1037 Robert A. Butterworth, Atty. Gen., and Leslie Schreiber, Asst. Atty. Gen., for appellant.
Kaeiser & Potolsky and Steven M. Potolsky, Miami, for appellee.
Before NESBITT, JORGENSON and COPE, JJ.
NESBITT, Judge.
The State appeals from an order granting the defendant's motion to suppress physical evidence. We reverse.
On the basis of information provided by an informant concerning the details of and participation by the defendant in a recent home invasion robbery, police detectives went to the defendant's apartment, knocked, and announced themselves. The defendant, after some delay, stepped outside the apartment whereupon the officers arrested him without a warrant. The defendant's wife, Mrs. Martin, was present, and the police told her that her husband had been involved in a home invasion robbery, and that they wished to search the apartment for any evidence or property that might have been stolen during the robbery. The police advised her of her rights concerning a search of her residence without a warrant, including her right to stop or limit the search at any time.
Mrs. Martin then agreed to let the police search the apartment, signed a consent form, and the police initiated the search. When the detective found a compartmentalized jewelry bag in the master bedroom closet, he asked Mrs. Martin whose bag it was. She told the detective that she "hadn't seen it," whereupon the detective opened it and found jewelry, cash, and a black glove all later identified as property stolen or used in the robbery. At trial, the defendant moved to suppress the evidence of the seized jewelry bag and its contents. The trial court granted the defendant's motion to suppress, finding that defendant's wife had validly consented to a search of the apartment, but that without a warrant, her consent was not broad enough to extend to the container found in the closet. The State here appeals the order to suppress.
The primary issue on appeal is whether the scope of the consent by the defendant's spouse extended to the jewelry bag. We find that it did. A search conducted pursuant to valid consent is a recognized exception to the requirements of probable cause and a search warrant. Schneckloth v. *1038 Bustamonte, 412 U.S. 218, 222, 93 S.Ct. 2041, 2045, 36 L.Ed.2d 854, 859 (1973). Consent to search must be voluntary, and the person giving consent must have authority to do so, United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974), or must reasonably appear to have authority to do so, Illinois v. Rodriquez, 497 U.S. 177, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990). Authority to consent to a search arises from the mutual use of the property by persons generally having joint access, common authority over, or other sufficient relationship to the premises or effects to be inspected so that it is reasonable to recognize that any of the coinhabitants has the right to permit the inspection in his or her own right, and that the others have assumed the risk that others might permit the commonly held areas to be searched. Matlock, 415 U.S. at 171, 94 S.Ct. at 993.
Not only did Mrs. Martin have actual authority by virtue of her marital relationship to the suspect, she had joint control over the commonly held areas, and, as the trial judge found, she gave voluntary and informed consent to search those areas. The record clearly shows that the bedroom closet was not set aside for the defendant's exclusive use, but was shared by both the defendant and his wife. Cf. Silva v. State, 344 So.2d 559, 563 (Fla. 1977) (police had no authority, stemming from girlfriend's consent, to search a closet set aside for accused's exclusive use, over the objections of the present accused).
The standard for measuring the scope of a person's consent under the Fourth Amendment is that of objective reasonableness, that is, what would an ordinary reasonable person understand to be the scope of consent between the officer and the consenting person. Florida v. Jimeno, 500 U.S. 248, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991); see also Davis v. State, 594 So.2d 264 (Fla. 1992). In conducting the reasonableness inquiry, the court must consider what the parties knew to be the object of the search at the time. Jimeno, 500 U.S. at 251, 111 S.Ct. at 1804; United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) (the scope of a search is generally defined by its expressed object).
In this case, Mrs. Martin was told and understood that the officers wanted to search the apartment for property stolen in the home invasion robbery. The officer informed her that she could refuse to allow the search, and that she could limit the search or withdraw her consent at any time. Under the Jimeno reasonableness inquiry, her knowledgeable and voluntary consent to search the apartment could be construed as permission to search any container that might reasonably contain the contraband, including the jewelry bag found in the shared bedroom closet.
The jewelry bag was within the scope of Mrs. Martin's consent because it was in the area authorized by her to be searched, and it was reasonably capable of containing the stolen property. Jimeno, 500 U.S. at 251, 111 S.Ct. at 1804, 114 L.Ed.2d at 303; Ross, 456 U.S. at 821, 102 S.Ct. at 2171. Moreover, she was physically present while the officer searched the bedroom closet, and had every opportunity to limit the scope of the search or discontinue it altogether. Her statement to the officer that she "hadn't seen it" (the jewelry bag) does not invalidate her consent to search it, especially when she had been told what the officers were looking for. Jimeno, 500 U.S. at 251, 111 S.Ct. at 1804, 114 L.Ed.2d at 303.
The Florida Supreme Court in Silva, 344 So.2d at 562-63 addressed the effects of the objections made by one joint occupant to a search to which the other has consented:
"[t]hough a joint occupant should have authority to consent to a search of jointly held premises if the other party is unavailable, a present, objecting party should not have his constitutional rights ignored because of ... a property interest shared with another. This is particularly true where the police are aware that the person objecting is the one whose constitutional rights are at stake."
Although the defendant was not effectively present at the scene in order to object, the defendant did not object to the search when later given the opportunity to do so. *1039 Under circumstances similar to those in Matlock, the record in this case shows that the defendant was taken away from his apartment shortly after being arrested, and was not initially asked whether or not he would consent to a search of his apartment. Unlike Matlock, however, the defendant was asked shortly after his arrest where he had put the contraband, and made no response to being informed that his wife had given her consent to their apartment being searched. Under these circumstances, the wife's voluntary consent to search was valid as against the absent, nonobjecting defendant with whom authority over the premises was shared. Matlock, 415 U.S. at 170-71, 94 S.Ct. at 992-93.
While the trial judge found that there was no probable cause to arrest the defendant outside his home without a warrant, this is irrelevant to our analysis of the defendant's wife's subsequent consent to a search of their residence as we find that her voluntary and knowledgeable consent dissipated any illegality stemming from the warrantless arrest. See also Robinson v. State, 388 So.2d 286, 290 (Fla. 1st DCA 1980) (burden is on the State to prove by clear and convincing evidence that consent was freely and voluntarily given to show an unequivocal break in chain of illegality sufficient to dissipate taint of prior illegal action, and voluntary consent must be determined from the totality of the circumstances).
We reverse the order granting the defendant's motion to suppress and remand for further proceedings consistent with this opinion.
JORGENSON, J., concurs.
COPE, Judge (specially concurring).
I join the majority opinion. It is my understanding that we have not endorsed the trial court's conclusion that there was no probable cause to arrest the defendant. That is so because the motion to suppress should have been denied whether or not there was probable cause to arrest the defendant. The State's argument that probable cause existed in this case is a very substantial one.