PER CURIAM.
Alfred Plez appeals the denial of his petition for writ of habeas corpus filed in the trial court. For present purposes we treat Plez’ oath as being sufficient. See State v. Shearer, 628 So.2d 1102 (Fla.1993).
We concur with the trial court that the petition is time-barred. The court found that the defendant’s conviction became final September 24, 1990, and the petition for writ of habeas corpus was not filed until September 9, 1993. The court stated in part:
Furthermore, defendant’s allegation that he could not have known about the investigation of the trial judge [Roy Gelber] and defense attorney [Arthur Luongo] is not predicated upon facts which he could not have ascertained earlier. The indictments in Operation Court Broom were announced *1088 in June, 1991, well within defendant’s two-year time limitation, and he is thereby proeedurally barred due to his failure to abide by the two-year time limitation set out in Rule 3.850, Florida Rules of Criminal Procedure.
(Citations omitted). Accordingly, the petition for writ of habeas corpus was properly denied on authority of Florida Rule of Criminal Procedure 3.850(h).*
We therefore need not reach the merits of the petition, but note that it appears to be insufficient under Rivera v. Dugger, 629 So.2d 105, 107 (Fla.1993).
Affirmed.

 The allegation that defense counsel was mistaken with respect to the defendant's maximum permissible sentence at the time of the sentencing hearing in 1990 is clearly time-barred by any standard.