THOMPSON, Judge.
Edgar L. Adams appeals his conviction and sentence in trial court case number 93-625-CF-A-Y. He was convicted of possession of cocaine[1] and sale of cocaine.[2] Adams also appeals his sentence for violation of probation in trial court case number 92^453-CF-A-Y. The sentence in his violation of probation case resulted from the conviction in the drug case. He alleges the trial court erred in allowing the state to strike the only black juror on the panel. He alleges the state struck the juror for an improper, non-race-neutral reason, over his objection. We affirm.
Adams alleges that the state used a peremptory challenge to strike a black juror solely because of his race. He argues that the state’s reason was pretextual and violates the court mandates in State v. Neil, 457 So.2d 481 (Fla.1984) and State v. Slappy, 522 So.2d 18 (Fla.1988), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988). These cases prevent the state from discriminating against minority jurors by using peremptory challenges solely to eliminate minorities from jury panels.
In this case, the record demonstrates that the state asked all the jurors on the panel if they recognized Adams or if they were familiar with him or a member of his family. When the black juror said “His face looked familiar. I don’t know if he recognizes me or not, but I think I recognize him.” The state excused the black juror. The state also excused every juror that stated they thought they knew Adams or his wife. It is a race neutral reason to excuse a potential juror if the juror knows the defendant or a member of the defendant’s family. Green v. State, 583 So.2d 647 (Fla.1991), cert. denied, 502 U.S. 1102, 112 S.Ct. 1191, 117 L.Ed.2d 432 (1992); Cure v. State, 564 So.2d 1251 (Fla. 4th DCA 1990). Since the state’s justification is not required to reach the level of a challenge for cause, we hold that the reason for the use of the peremptory challenge was not pretextual, but race neutral. See Holl- *274 ingsworth v. Burton, 30 F.3d 109 (11th Cir. 1994).
HARRIS, C.J., and DAUKSCH, J., concur.

. §§ 893.03(2)(a)4, . 893.13(l)(a)(l), Fla.Stat. (1991).

. §§ 893.03(2)(a)4, 893.13(l)(a)(l), Fla.Stat. (1991).