HARRIS, Judge.
Because a juror was less than candid (at the very least, his answer was inaccurate) with the court and the attorneys during voir dire, we reverse for a new trial.[1] On several *282 occasions during voir dire, the juror denied that he knew anyone in the State Attorney’s Office. Not only did the juror know an assistant state attorney, but he also played on a softball team with him and did so twice during the term of this trial.
The juror contended that he did not know that this particular lawyer worked for the State Attorney at the time the question was asked. However, because the lawyer came into the courtroom and consulted with the assistant state attorney prosecuting the case, and as a result of a consultation the juror initiated that evening with his girlfriend, a court reporter, the juror became aware that one of his softball teammates was an assistant state attorney. After the trial and upon further inquiry, the juror admitted that he knew of the lawyer’s connection with the State Attorney’s Office shortly after the trial commenced but failed to bring to the court’s attention the fact that the answer he gave during voir dire was inaccurate.
Even more troubling, however, is the fact that the assistant state attorney who knew the juror revealed this fact to the prosecutor early in the trial and still this information was not divulged to the judge. If the relationship had been properly revealed in a timely manner, this problem might have been averted by permitting defendant, if he so elected, to proceed with an alternate juror.
REVERSED and REMANDED for a new trial.
W. SHARP, J., concurs.
GOSHORN, J., concurs specially, with opinion.
GOSHORN, Judge, concurring specially.
I concur with Judge Harris’s opinion and write only to point out that regardless of whether the juror knew at the time of voir dire that the attorney in question worked for the state attorney’s office, the record is clear that the juror knew there were several attorneys on the juror’s softball team. Nevertheless, he remained silent and failed to respond to the following question posed by defense counsel:
Now, His Honor and the prosecutor asked you whether or not you knew anybody in the State Attorney’s office. Do you have any friends that are lawyers that — whether they do criminal work or civil work or that type of thing — that you associate with?
(Emphasis supplied). The question was clearly designed to elicit a response, which if candidly given, would'have revealed the relationship which requires retrial in this case.

. Skiles v. Ryder Truck Lines, Inc., 267 So.2d 379 (Fla. 2d DCA 1972), cert, denied, 275 So.2d 253 (Fla. 1973), quoting Drury v. Franke, 247 Ky. 758, 57 S.W.2d 969 (1933):