740 So.2d 29 (1999)
STATE of Florida, Appellant,
v.
James Lee PURIFOY, Jr., Appellee.
No. 98-915.
District Court of Appeal of Florida, First District.
March 26, 1999.
Robert A. Butterworth, Attorney General; Randy L. Havlicak, Assistant Attorney General, Tallahassee, for Appellant.
Nancy A. Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellee.
VAN NORTWICK, J.
The state challenges an order suppressing evidence seized in a search of the residence shared by appellee, James Lee Purifoy, Jr., and Katrina Daly. The trial court granted appellee's motion to suppress on the grounds that, although Daly consented to the search, the police failed to obtain the consent of appellee, who was in custody and available to consent. Because the record reflects that Daly possessed common authority over the premises, she had authority to consent to the search and *30 the police were not obligated to seek a consent from appellee. Accordingly, we reverse.
In May 1997, Daly reported to police that the appellee sexually assaulted her. The police obtained an arrest warrant and arrested appellee at the couple's common residence. A warrantless search was conducted of the home while appellee was in the officer's patrol car, and a bottle containing crack cocaine was found in a kitchen garbage can. The nature of the bottle was known to the searching officer, who had previously discussed appellee's drug selling activities with Daly.
Prior to trial, appellee moved to suppress the introduction into evidence of, among other things, the cocaine seized in the search. The prosecution argued that the searching officer had obtained consent from Daly before conducting the search. Daly testified, however, that police did not ask her about the search until after it was completed. Appellee was never asked to consent to the search, although he was in custody in a nearby police vehicle.
The trial court found the searching police officer's testimony to be more credible, and, thereby, found that consent was obtained from Daly before the search was conducted. The trial court, nevertheless, granted the motion to suppress on the ground that, because appellee was available, police could not rely on a consent given only by Daly. This conclusion of law is erroneous.
It is well-established that a search conducted pursuant to valid consent is a recognized exception to the requirements of probable cause and a search warrant, Schneckloth v. Bustamonte, 412 U.S. 218, 222, 93 S.Ct. 2041, 2045, 36 L.Ed.2d 854, 859 (1973), although the consent to search must be voluntary, and the person giving consent must have authority to do so, United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974), or must reasonably appear to have authority to do so, Illinois v. Rodriguez, 497 U.S. 177, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990). Authority to consent to a search arises from the mutual use of the property by persons generally having joint access, common authority over, or other sufficient relationship to the premises or effects to be inspected. Matlock, 415 U.S. at 171, 94 S.Ct. at 993; see also Preston v. State, 444 So.2d 939 (Fla.1984), sentence vacated on other grounds, 564 So.2d 120 (Fla.1990), Leonard v. State, 659 So.2d 1210 (Fla. 4th DCA 1995), and State v. Martin, 635 So.2d 1036 (Fla. 3d DCA 1994). Under such circumstances, it is reasonable to conclude that any of the co-occupants has the right to permit the inspection in his or her own right, and that the co-occupants have assumed the risk that others with whom they control the premises might permit the commonly held areas to be searched. Id. The courts in Leonard and Preston specifically considered and rejected the argument that the police were required to seek consent from a defendant in police custody and could not rely on the consent given by a third party with authority over the premises.
Accordingly, the cause is REVERSED and REMANDED for further proceedings.
ALLEN AND WEBSTER, JJ., CONCUR.