PER CURIAM.
Larry Ishmael challenges his conviction for three counts of armed robbery raising three issues. Because no reversible error has been demonstrated, we affirm.
Ishmael first argues that the trial court erred in denying his motion to suppress physical evidence seized from the residence at which he was staying at the time of his arrest. Ishmael jointly occupied a single-family residence with Beatrice Allen and her sons, and, after Ishmael’s arrest, police obtained Allen’s verbal and written consent to conduct a search of the residence. We find no basis to disturb the trial court’s finding that the consent to search was valid under United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974)(authority to consent to a search arises from the mutual use of the property by persons generally having joint access, common authority over, or other sufficient relationship to the premises or effects to be inspected). In addition, we agree with the trial court that it was reasonable for police to rely on Allen’s consent, because she had the apparent authority to consent. See Illinois v. Rodriguez, 497 U.S. 177, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990). Ishmael’s argument that police were required to seek consent from Ishmael, who was in police custody at the time the search was undertaken, before police could rely upon the consent of a third party, has repeatedly been rejected. See Preston v. State, 444 So.2d 939 (Fla.1984), sentence vacated on other grounds, 564 So.2d 120 (Fla.1990); State v. Purifoy, 740 So.2d 29 (Fla. 1st DCA 1999); and Leonard v. State, 659 So.2d 1210 (Fla. 4th DCA 1995).
As for Ishmael’s second claim of error, we find no basis to reverse the trial court’s decision to allow the prosecution to reopen its case to present evidence regarding the amount of currency taken during the third armed robbery for which appellant was charged. The defense counsel did not object to the reopening of the state’s case, noting that such reopening was “kind *912 of [an] exercise in futility” and that it would leave the matter “within the Court’s discretion.... ” Ishmael’s assertion that he was twice put in jeopardy when the prosecution was permitted to reopen its claim is meritless. See Fitzhugh v. State, 698 So.2d 571 (Fla. 1st DCA 1997). No abuse of discretion has been shown. See K.K. v. State, 717 So.2d 193 (Fla. 5th DCA 1998).
We also find no merit in Ishmael’s claim of reversible error in the trial court’s management of closing argument. It is well-established that control of comments made during closing argument is within the discretion of the trial court, and a trial court’s ruling regarding closing argument will not be reversed unless an abuse of that discretion has been shown. See, for example, Crump v. State, 622 So.2d 963 (Fla.1993). There has been no such showing in this case.
Accordingly, Ishmael’s convictions and sentences are AFFIRMED.
ERVIN, DAVIS and VAN NORTWICK, JJ„ CONCUR.