848 So.2d 1191 (2003)
Pervis TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-3122.
District Court of Appeal of Florida, Fifth District.
June 6, 2003.
*1192 James B. Gibson, Public Defender, and Lyle Hitchens, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Taylor pled no contest to a charge of possession of cannabis[1] after the trial court denied his motion to suppress evidence of the crime. He duly reserved his right to appeal the suppression ruling and it was deemed determinative of the case. We have jurisdiction[2] and we affirm.
At the suppression hearing, Taylor's testimony about his encounter with police officers and whether or not he consented to a search of his person conflicted materially with the testimony of the police officers. Taylor said he returned to his apartment after work, intending to talk briefly to his cousin who lived in a nearby apartment. He left his truck running and parked near a fence which surrounded the apartment complex.
When he commenced his return to his truck, Taylor was approached by two uniformed police officers. Officer Dejarnett asked him if he could talk with him. Taylor testified that he said he did not do anything wrong, but he continued to talk to Dejarnett. Taylor said he did not feel free to leave. When asked if he would consent to a search of his person, he said he refused. However, the police searched him anyway and discovered marijuana in his side pocket.
Officer Dejarnett testified his unit was looking for stolen vehicles, narcotics and other illegal activity which occurred in Taylor's neighborhood. The three officers in Dejarnett's vehicle saw Taylor standing behind a fenced yard, next to apartments. They saw him go into an apartment. Officer Dejarnett walked towards the front of the apartments.
When Taylor came out of the apartments and walked towards his truck, Officer Dejarnett approached him on a "hunch" he was involved in illegal activity. The "hunch" was based on the fact that Taylor had walked away from the officers when they first saw him, and this is a highcrime area.
*1193 Officer Dejarnett said Taylor was free to leave at that point. He asked if he could talk with him and Taylor said "sure." Dejarnett asked him where he lived, whether he had identification, and what was he doing there. He also asked Taylor if he had any contraband or weapons. He said Taylor said "no." Officer Dejarnett asked if he could search him and Taylor said "okay," raising his arms up. In the course of the search, marijuana was found.
The trial court prophetically stated that this was going to be a "swearing" contest. After hearing the testimony, the judge found there was no illegal seizure of Taylor, but rather that he had consented to the search.
Whether a person has consented to a search is a mixed question of fact and law. Connor v. State, 803 So.2d 598 (Fla. 2001). See also Ornelas v. U.S., 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). If there is competent evidence to support the trial court's determination of facts, as in this case, they are controlling. Thereafter the voluntariness of the consent vel non is determined on a de novo standard, based on the totality of the circumstances. Connor.
In this case, Officer Dejarnett's version of the facts is controlling. Viewing the circumstances as he explained them leaves us no basis to conclude that the initial encounter between Taylor and Officer Dejarnett was anything other than consensual, and that Taylor voluntarily consented to a search of his person. See Lecorn v. State, 832 So.2d 818 (Fla. 5th DCA 2002); Eldridge v. State, 817 So.2d 884 (Fla. 5th DCA 2002).
AFFIRMED.
GRIFFIN and PALMER, JJ., concur.
NOTES
[1] § 893.03(1)(c)(7), Florida Statutes (2002).
[2] See, Florida Rule App. Proc. 9.140(b)(2); § 924.051(4), Florida Statutes (2002); Leonard v. State, 760 So.2d 114 (Fla.2000); Carroll v. State, 761 So.2d 417 (Fla. 2d DCA 2000).