THOMPSON, J.
Robert Derek Lewis appeals an order denying his motion for post conviction relief. Lewis was convicted of capital sexual battery and contends that he had ineffective assistance of counsel.[1] We affirm.
After his conviction was affirmed, see Lewis v. State, 719 So.2d 333 (Fla. 5th DCA 1998), Lewis filed a motion for post conviction relief alleging twelve instances of ineffective assistance of counsel. In Spencer v. State, 842 So.2d 52 (Fla.2003), the supreme court wrote:
In order to prevail on a claim of ineffective assistance of trial counsel, a defendant must demonstrate that (1) counsel’s performance was deficient and (2) there is a reasonable probability that the outcome of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome. See id. at 694, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. In reviewing counsel’s performance, the court must be highly deferential to counsel, and in assessing the performance, every effort must “be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel’s challenged conduct, and to evaluate the conduct from counsel’s perspective at the time.” Id. at 689, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; see also Rivera v. Dugger, 629 So.2d 105, 107 (Fla.1993). As to the first prong, the defendant must establish that “counsel made errors so serious that counsel was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment.” Strickland, 466 U.S. at 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; see also Cherry v. State, 659 So.2d 1069, 1072 (Fla.1995). For the prejudice prong, the reviewing court must determine whether there is a reasonable probability that, but for the deficiency, the result of the proceeding would have been different. See Strickland, 466 U.S. at 695, 104 S.Ct. 2052, 80 L.Ed.2d 674; see also Valle v. State, 705 So.2d 1331, 1333 (Fla. 1997).
Id. at 61.
After reviewing the record and considering the criteria of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), we find no error.
AFFIRMED.
SHARP, W., and ORFINGER, JJ., concur.

. Lewis was charged with one count of sexual battery on a person less than twelve years old after he confessed to a detective during a taped statement that he performed these acts on the victim. See § 794.01 l(8)(c), Fla. Stat.