MONACO, J.
Mario Ferryman appeals the judgment and sentence of thirty years imprisonment imposed on him after his conviction by jury of burglary. He argues that he is entitled to a new trial based on two asserted errors. First, he posits that the trial court erred in permitting the State to strike an African-American juror. Next, he maintains that a motion to suppress the results of a search of his home was improperly denied. Because we conclude that the peremptory strike was validly exercised, and that the search was author *712 ized based on the consent to it by Mr. Ferryman’s wife, we affirm.
We turn our attention, first, to the issue concerning the motion to suppress. In considering the denial of a motion to suppress an appellate court reviews legal conclusions using a de novo standard, but generally defers to the factual findings of a trial court. See Backus v. State, 864 So.2d 1158, 1159 (Fla. 4th DCA 2003). If the evidentiary findings are supported by competent substantial evidence, we will ordinarily not disturb the decision of the trial court. See Zakrzewski v. State, 866 So.2d 688, 696 (Fla.2003); see also Taylor v. State, 848 So.2d 1191, 1193 (Fla. 5th DCA 2003).
Mr. Ferryman seeks to suppress the seizure from his house and from a vehicle by law enforcement officers of numerous items that were stolen in burglaries. Mr. Ferryman’s wife gave consent to the searches. The trial court found that Mrs. Ferryman shared dominion and control of the premises, as well as the vehicle; that she voluntarily gave consent to the searches; and that law enforcement justifiably acted in good faith in carrying out the searches. With respect to the vehicle the trial judge found that Mrs. Ferryman had joint access to it, and had common authority over it. There is substantial competent evidence to support these findings.
 Third-party consent to a search is valid where it arises out of the mutual use of property by persons having joint access, or common authority over, or other sufficient relationship to the premises or effects to be inspected. See United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); State v. Purifoy, 740 So.2d 29 (Fla. 1st DCA 1999). Where property is commonly occupied, it is reasonable to conclude that a co-occupant has the right to consent to a search. Id. We, accordingly, find no error in the denial of the motion to suppress because there is sufficient evidence to support that action. See also State v. Radcliffe, 483 So.2d 95 (Fla. 5th DCA 1986).
Likewise, we find no error in overruling Mr. Ferryman’s Neil[1] challenge. The trial court properly followed the procedure outlined in Melbourne v. State, 679 So.2d 759 (Fla.1996), and found that the State’s challenge was race neutral, and not pretextual. The reason given by the State for the challenge — that the potential juror knew some of the witnesses that might be called by the State — appears to be a sufficient basis for the trial court to allow the challenge. See, e.g., Adams v. State, 646 So.2d 273 (Fla. 5th DCA 1994); cf, Hightower v. State, 666 So.2d 281 (Fla. 5th DCA 1996). Moreover, the trial court reasonably noted that Mr. Ferryman had previously struck two African-American potential jurors, and that a third juror of the same race remained on the panel and served on the jury. As the ruling of the trial court was not clearly erroneous, we affirm on this basis, as well. See Sharp v. State, 789 So.2d 1211 (Fla. 5th DCA 2001), review denied, 817 So.2d 850 (Fla.2002); Burris v. State, 748 So.2d 332 (Fla. 4th DCA 1999), review denied, 767 So.2d 454 (Fla.2000).
AFFIRMED.
GRIFFIN and THOMPSON, JJ., concur.

. State v. Neil, 457 So.2d 481 (Fla.1984).