HAZOURI, J.
Appellant, A.L.T., was charged by way of a juvenile petition with two counts: (1) burglary of a residence; and (2) grand theft. The defense filed a motion to suppress the victim’s driver’s license and A.L.T.’s confession, contending that the search exceeded A.L.T.’s scope of consent. The trial court denied the motion, finding the issue dispositive, and A.L.T. appealed. We agree that the search exceeded A.L.T.’s scope of consent and reverse.
On May 30, 2009, Officer Travis Mandell of the Fort Lauderdale Police Department observed A.L.T. sitting on a bicycle. A Fort Lauderdale city ordinance requires that residents register their bicycles, and there is typically a red and white marking beneath the bicycle’s seat indicating registration. As Officer Mandell did not see the marking on the bicycle, he approached A.L.T. for questioning.
Officer Mandell asked A.L.T. specifically if he could “search him for weapons or drugs.” A.L.T. responded: “[Tjhat’s fine, I don’t mind.” Officer Mandell proceeded to search A.L.T. and removed a wallet from A.L.T.’s rear pocket, taking it to the other side of his police cruiser to search through. Explaining his rationale for removing the wallet, Officer Mandell stated *857 that “narcotics can commonly be found within the billfold, underneath, and in front of the wallet.” Upon opening it, Officer Mandell found a Florida identification card belonging to an elderly female, a condom, and a picture of a young woman.
Officer Mandell then asked A.L.T. why he was carrying the identification card. A.L.T. claimed he found the wallet and was planning on returning it, but was afraid of being “hassled” by the owner because he had spent forty dollars within it. Officer Mandell had another officer perform a records check on the address shown on the identification card and learned a burglary had occurred at the residence six days prior. After approximately thirty minutes, Officer Mandell allowed A.L.T. to leave.
Officer Mandell then turned the investigation over to Detective Sean Reddish who issued a probable cause affidavit and a BOLO for A.L.T.’s arrest. Officer Man-dell located A.L.T., placed him under arrest, and transported him to the station where he was interviewed by Detective Reddish. Before the interview began, Detective Reddish read A.L.T. his Miranda[1] rights. A.L.T. waived his rights and agreed to speak to Detective Reddish without an attorney present. During the interview, A.L.T. confessed to the burglary.
A.L.T. was charged with burglary of a residence and grand theft and moved to suppress the victim’s driver’s license and his confession. The trial court denied the motion. Thereafter, A.L.T. pled no contest to the burglary charge, reserving the right to appeal the denial of his motion to suppress.
“ ‘The standard of review applicable to a motion to suppress evidence requires that this Court defer to the trial court’s factual findings but review legal conclusions de novo.’ ” Jean v. State, 987 So.2d 196, 197 (Fla. 4th DCA 2008) (citations omitted). Accordingly, a suppression order that turns on an issue of law is reviewed de novo. See, e.g., Ikner v. State, 756 So.2d 1116, 1118 (Fla. 1st DCA 2000).
“The Fourth Amendment does not proscribe all state-initiated searches and seizures; it merely proscribes those which are unreasonable.” Florida v. Jimeno, 500 U.S. 248, 250, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991) (citing Illinois v. Rodriguez, 497 U.S. 177, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990)). Courts approve of consensual searches because it is “reasonable for the police to conduct a search once they have been permitted to do so.” Id. at 251, 111 S.Ct. 1801 (citing Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)). “The standard for measuring the scope of a consent under the fourth amendment is objective reasonableness-what the typical, reasonable person would have understood the exchange of words, under the circumstances, to mean.” Allen v. State, 909 So.2d 435, 438 (Fla. 5th DCA 2005). “There is no bright-line test for determining the scope of consent to a warrantless search. Such a determination is made on a case-by-case basis.” Id. (citation omitted).
The trial court erred in denying A.L.T.’s motion to suppress because Officer Mandell exceeded the scope of consent.
Even if it is determined that the consent of the defendant or another authorized person was “voluntary” within the meaning of Schneckloth, it does not necessarily follow that evidence found in an ensuing search will be admissible. When the police are relying upon consent as the basis for their warrantless search, they have no more authority than they have *858 apparently been given by the consent. It is thus important to take account of any express or implied limitations or qualifications attending that consent which establish the permissible scope of the search in terms of such matters as time, duration, area, or intensity.... As the Supreme Court concluded in Florida v. Jimeno, the standard is “that of ‘objective’ reasonableness — what would the typical reasonable person have understood by the exchange between the officer and the suspect?”
4 Wayne R. LaFave, SEARCH and SeizuRE § 8.1(c) (4th ed. 2010) (internal footnotes omitted).
The State cites Aponte v. State, 855 So.2d 148 (Fla. 5th DCA 2003), for the proposition that once a police officer has been given a general consent to search one’s person, the officer may seize objects found in that person’s pocket, and if they consist of closed containers, the officer may open them. However, Aponte is distinguishable from the instant case. A.L.T. consented to a search of his person for weapons and drugs; he did not give a general consent to search. Despite this, Officer Mandell removed A.L.T.’s wallet, rifled through the contents, and examined a photograph, condom, and identification card. This exceeded A.L.T.’s consent: all three items were neither weapons nor drugs and should not have been inspected.
Thus, Officer Mandell exceeded the scope of A.L.T.’s consent. The “typical, reasonable person” would have understood his agreement to a search for weapons and drugs to constitute just that: a search for weapons and drugs, not an open invitation to remove all of the contents from one’s wallet. See Allen, 909 So.2d at 438. Accordingly, we reverse the denial of A.L.T.’s motion to suppress and direct the trial court to vacate the disposition order.

Reversed and Remanded.

GROSS, C.J., and CIKLIN, J., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).