PER CURIAM.
Appellant, Dennis A. Barnes, appeals his conviction and sentence for possession of a firearm by a convicted felon. He raises three issues on appeal, only one of which merits discussion. He contends that the trial court erred in denying his motion to suppress because his estranged wife, who *1288 was not staying in the marital home, had no authority to consent to a search of the home. We reject this argument and affirm Appellant’s conviction and sentence.
Based upon the wife’s testimony below, she left the marital home due to Appellant’s abuse. A few days later, she called the police to report the abuse. She told the authorities that there were weapons inside the couple’s home, and she consented to a search of the premises. Appellant, who was home alone when the officers arrived, did not object to the search. A rifle was retrieved from the couple’s bedroom. After being charged with the offense at issue and felony battery, Appellant filed a motion to suppress, which the trial court denied. This appeal followed.
A trial court’s ruling on a motion to suppress comes to the appellate court clothed with a presumption of correctness. Pagan v. State, 830 So.2d 792, 806 (Fla.2002). An appellate court is bound by the trial court’s factual findings if they are supported by competent, substantial evidence. Id. A trial court’s legal determinations are reviewable de novo. Id.
Authority to consent to a search arises from the mutual use of the property by persons generally having joint access, common authority over, or other sufficient relationship to the premises or effects to be inspected. State v. Purifoy, 740 So.2d 29, 30 (Fla. 1st DCA 1999) (citing U.S. v. Matlock, 415 U.S. 164,170, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974)). Although Appellant argues that his wife had no authority to consent to the search because she had voluntarily left the home a few days before, there was no evidence that she had restricted access to the home when she gave consent or that she had formally changed her residence. Moreover, as the Eleventh Circuit Court of Appeals reasoned when faced with a similar situation, “There is a difference between voluntarily giving up your home and being forced to flee from it in fear for your life.... ” U.S. v. Backus, 349 F.3d 1298, 1304 (11th Cir.2003) (affirming the lower court’s denial of the defendant’s motion to suppress because the defendant’s wife, who fled as a result of the defendant’s abuse, still had enough common authority over, or a sufficient relationship to, the marital home to consent to a search of it). In this case, the evidence supports the trial court’s determination that Appellant’s wife had the authority to consent to a search of the couple’s home.
Accordingly, we AFFIRM Appellant’s conviction and sentence.
BENTON, C.J., DAVIS and MARSTILLER, JJ., concur.