FORST, J.
Appellant Eventz Colas pleaded no contest to possession of cocaine, preserving the right to appeal the trial court’s denial of his motion to suppress the cocaine found in a drawer in his bedroom incident to a search that Appellant contends exceeded the scope of consent. Because we hold that the officers here, under the specific facts of this case,[1] lacked authority to search Appellant’s bedroom drawers, we reverse.
Background
The investigation of Appellant began following a robbery at which the victim’s iPhone (along'with other items) was stolen. An application the victim had downloaded had taken a photograph of a person believed to be the robber and provided a GPS location for the suspect, narrowing the police’s search to a single apartment building. The officers went door-to-door to look at the faces of those who answered their knocks until they found the person who matched the photo — Appellant. Appellant was taken to a squad car where an officer asked for consent to search Appellant’s room for the missing phone.[2] Appellant gave consent, and a different officer performed the search. After the officer located the iPhone in plain sight, he began to open Appellant’s bedroom drawers. In one, he discovered the cocaine at issue.
Analysis
“The touchstone of the Fourth Amendment is reasonableness.” Florida v. Jimeno, 500 U.S. 248, 250, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991). “The standard for measuring the scope of a suspect’s consent ... is that of ‘objective’ reasonableness — what would the typical reasonable person have understood by the exchange between the officer and the suspect?” Id. at 251, 111 S.Ct. 1801. “[T]he court must consider what the parties knew to be the object of the search at the time.” State v. Martin, 635 So.2d 1036, 1038 (Fla. 3d DCA 1994). The scope of consent is determined on a case-by-case basis. A.L.T. v. State, 63 So.3d 855, 857 (Fla. 4th DCA 2011). Although this Court will defer to the trial court on issues of fact, legal *567 conclusions based on those facts are reviewed de novo. Id.
Here, as made clear from the officers’ testimony at the suppression hearing, which the trial court found to be credible, the police repeatedly emphasized that the purpose of the search was to “retrieve the phone,” and Appellant was never otherwise asked for permission to search his house. Appellant was told that “the purpose of the form [that he signed] was giving [the police] permission to go retrieve the phone.” Although it is true that the consent form Appellant signed did not itself limit the scope of the search to retrieving the iPhone, the circumstances as a whole did. The inquiry required is to' determine “what the parties knew to be the object of the search” and what “the typical reasonable person [would] have understood by the exchange.” Martin, 635 So.2d at 1038; Jimeno, 500 U.S. at 251, 111 S.Ct. 1801. Looking at the entire exchange, including the oral statements by the officer obtaining Appellant’s consent, we conclude that the object of the search was simply to retrieve the iPhone.
Therefore, after the iPhone had beén retrieved, the object of the search, had been fulfilled and Appellant’s consent terminated. By continuing to search Appellant’s bedroom after that point, -the police violated Appellant’s Fourth Amendment rights.
Conclusion
Accordingly, we reverse the denial of Appellant’s motion to' suppress and remand for further proceedings consistent with this opinion.

Reversed and Remanded.

GROSS and KLINGENSMITH, JJ., concur.

. The State has proceeded solely on a theory that Appellant consented to the search and has not attempted to invoke any other exception to the Fourth Amendment’s protections. Furthermore, the testimony unambiguously established that the phone that was the object of the officers’ search was located and secured prior to the drawers being opened.

. The officers only mentioned "the phone’’ and, thus, did not seek permission to search for other items that had been stolen from the victim.