# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-3357
LT Case No. 16-2023-CF-2127-A

_____

STATE OF FLORIDA,

    Appellant,

    v.

O'SHAWN NARFETIA KING,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Jonathan D. Sacks, Judge.

James Uthmeier, Attorney General, and Miranda L. Butson, Assistant Attorney General, Tallahassee, for Appellant.

Matthew J. Metz, Public Defender, and Ali L. Hansen, Assistant Public Defender, Daytona Beach, for Appellee.

March 6, 2026

PER CURIAM.

This is an appeal by the State from the trial court's order granting Appellee's motion to suppress. We agree with the State that the trial court erred in granting the motion because the undisputed facts—which were recorded on the testifying officer's body camera—established as a matter of law that Appellee's mother validly consented to the search of Appellee's bedroom

where a firearm was found in plain view in an open drawer. *See Preston v. State*, 444 So. 2d 939, 943 (Fla. 1984) (holding that defendant's mother had common authority to consent to the search of defendant's bedroom where she had access to the room, defendant did not lock the room or instruct his mother not to let anyone enter the room, and articles were left out in the open), *vacated on other grounds*, 564 So. 2d 120 (Fla. 1990); *Spinkellink v. State*, 313 So. 2d 666, 669 (Fla. 1975) (upholding the seizure of a gun that was found in "plain view" in a partially opened kitchen drawer pursuant to a consent search). In light of this conclusion, we do not address the State's other arguments.

REVERSED and REMANDED.

JAY, C.J., and WALLIS and MACIVER, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____